PALMER, APPELLANT, *v.* THE CITY OF HELENA, ET AL., RESPONDENTS.

[Submitted December 16, 1896.   Decided December 21, 1896.]

MUNICIPAL CORPORATIONS—*Constitutional Limit of Indebtedness—Issuance of Bonds.* —The funding by a city of an existing indebtedness by the issuance of bonds does not create a new or additional indebtedness within section 6, Article XIII of the Constitution, limiting the indebtedness which may be incurred by a city, but merely changes the form of the liability. (*Hotchkiss* v. *Marion*, 12 Mont. 218, followed.)

SAME—*Same.*—Where the assessment of a city for a given year is the basis for calculating the three per cent. indebtedness which the city may incur under the constitutional limitation, and the whole bonded indebtedness is less than three per cent. of the assessment for such year, outstanding warrants issued for indebtedness incurred under the assessment of that year may be lawfully funded by the issuance of bonds to an amount equal to the difference between the debt and three per cent. of the assessment.

SAME—*Same—Constructing Sewerage System.*—Section 6, Article XIII of the constitution and section 4800 of the Political Code, forbidding the creation by a city of an indebtedness greater than three per cent. of the assessed value of property within its limits, unless the creation thereof is necessary and authorized by a vote of the taxpayers, for the purpose of constructing a sewer or water system, prohibits the creation of an indebtedness beyond the three per cent. limit for such purposes by a city which had its sewerage system at the time of the adoption of the constitution.

*Appeal from First Judicial District, Lewis and Clarke County.*

INJUNCTION to restrain issuance and sale of city bonds. Judgment was rendered for defendants below by BLAKE, J. Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff and appellant is a resident and taxpayer of the city of Helena.   The defendants are the city of Helena, the mayor, aldermen, treasurer and the city attorney of said city.

This action is prosecuted by the plaintiff as a taxpayer to restrain the defendant city and its officers from issuing, negotiating and selling certain bonds described in the complaint, which it is alleged that said city proposes to issue, negotiate and sell for the purpose of refunding certain other bonds denominated "sewer bonds," and for the purpose of funding a large amount of outstanding warrants heretofore issued by said city. It is alleged in the complaint that the indebtedness which would be created by issuing, negotiating and selling such bonds will be in excess of the limit prescribed by the provisions of Article XIII, section 6, of the State Constitution. The complaint alleges that on July 9th, 1895, a resolution was introduced in the city council of said city and passed to call an election to submit to the electors the question of declaring $280,000 sewer bonds outside of the constitutional limitation; that in pursuance thereof an election was held and a majority of the electors of said city voted in favor of declaring the bonds outside of the constitutional limitation. It is also alleged that on the 13th day of August, 1895, the city council of said city passed a resolution to call an election for the purpose of submitting to the voters the question of issuing bonds to refund and fund the bonds and warrants mentioned in the complaint; that said election was held and a majority of the voters of the city voted in favor of the issuing of such bonds; that afterwards ordinances were passed by the city council of said city directing the bonds to be issued and sold to the highest bidder; that the city council of said city advertised for bids for the bonds, and on the 29th day of February, 1896, sold the bonds to one George F. Cope. The plaintiff alleges, in substance, that at the time of the passing of said resolutions and ordinances by the city council of said city, and the election held thereunder for the purposes already stated, the debt of said city, already incurred and existing, exceeded the amount of the indebtedness which the city was permitted to incur under the provisions of Article XIII, sec tion 6, of the Constitution of the State; that the amount of warrants then outstanding, exclusive of interest, was $366,-

811.35; that the amount of bonds outstanding at that date was $391,500, making a total indebtedness of bonds and warrants, exclusive of interest, in the sum of $760,311.35; that the assessed valuation of the city for the year 1895 was $13,943,637; that the resolutions and ordinances passed by the city council of said city were absolutely null and void, because in violation of the provisions of the section of the constitution above referred to, and that the election held under and in pursuance of said resolutions and ordinances, were also ineffectual and void for the same reason.

The defendants in their answer claim that $161,500 of the bonds mentioned in the complaint are bonds which the city is seeking to refund at a lower rate of interest than said bonds are now drawing, and claim that the city has power and authority to refund said bonds under section 4800, subdivision 64, of the Political Code; and claim also that the refunding of said bonds is not the creation of a new indebtedness.  The defendants further contend that without reference to the question of the city's undertaking to place the sewer bonds outside of the ordinary three per cent. limit fixed by the constitution, the city is entitled to issue bonds to the amount of $168,204 for any indebtedness that was existing on the 12th day of September, 1893, provided such indebtedness still remains unpaid.   The defendants allege that on the 12th day of September, 1893, there were outstanding warrants, that still remain unpaid, to the amount of $145,171.   This is not disputed by the plaintiff.   The defendants further allege, and which is not disputed by the plaintiff, that the assessment of the city of Helena for the year 1892, and which remained the basis for calculating the limit of indebtedness until September, 1893, was $18,656,828, and that three per cent. of this amount is $559,704, and that the city was, therefore, authorized to incur an indebtedness for ordinary purposes on the 12th day of September, 1893, to the amount of $559,704, from which said sum, they claim, if the bonded indebtedness of $391,500 is deducted, it will leave the sum of $168.204, and for which last sum the city is authorized to issue its bonds for the pur-

pofe of funding said debt without infringing upon said constitutional limitation. The defendants claim that in any event, and without infringing upon the constitutional provision invoked by the plaintiff in this case, the city of Helena may issue refunding bonds to the amount of $161,500 to take up the old bonds, and $168,204 for the purpose of funding the warrant indebtedness of the city, with the accrued interest due on said bonds and warrants. Defendants deny that the resolutions and ordinances of the city council of said city, and the elections held thereunder were ineffectual and void, and claim that the city had the right by such ordinances and elections to declare the $280,000 sewer bonds outside of the three per cent. limitation of indebtedness prescribed by the constitutional provision mentioned and invoked by plaintiff.

The district court rendered judgment on the pleadings in favor of defendants, and dismissed plaintiff's complaint. From this judgment the plaintiff appeals.

*Walsh & Newman,* for Appellant.

*Massena Bullard,* for Respondents.

PEMBERTON, C. J.—The first question presented by this appeal is as to whether the issuing and sale of new bonds in the sum of $161,500 by the city for the purpose of refunding a like amount of old bonds of the city, creates a new debt. The only objection urged by appellant to such proposed action by the city is that an additional debt will be created thereby.

This court, in *Hotchkiss* v. *Marion et al.* 12 Mont. 218, held that the funding of an existing indebtedness by the issuance of bonds did not create a new or additional indebtedness, but that the form of the liability of a county was only changed thereby. In that case this question is fully discussed, and, we think, the proper conclusion reached. We think that case is decisive of the question raised here.

The respondents contend that in any view of the case the city can issue bonds in the sum of $168,204, for the purpose of funding a like amount of city warrants now outstanding.

It is conceded that the assessment of the city of Helena for the year 1892, and which remained the basis for calculating the amount of indebtedness the city might incur under the constitution until September, 1893, was $18,656,828; that three per cent. of this is $559,704; that the city was authorized to incur an indebtedness to that amount for ordinary purposes on September 12th, 1893; that if the whole bonded indebtedness of the city, to-wit: $391,500 be deducted from said sum it would leave the sum of $168,204, evidenced in this case by warrants, which the city could legally fund by issuing bonds therefor. It is also conceded that on the 12th day of September, 1893, there were outstanding warrants of the city—which still remain unpaid—to the amount of $145,181.

Upon this showing and these concessions, we think the city may lawfully fund. the warrants of the city by issuing its bonds to the amount of $168,204, provided said warrants were issued for indebtedness incurred under the assessment of 1892, if warrants to that amount remain now unpaid. This is in accordance with the views expressed in *Hotchkiss* v. *Marion*, *supra*. These warrants remaining unpaid should be funded according to the date of their issue.

The important question that arises on this appeal is as to the authority of the city by ordinance and vote of the electors, at an election held under such ordinance, to take the sewer bonds mentioned in the pleadings, out of the three per cent. limit of indebtedness for ordinary expenses prescribed by the constitution, and place the indebtedness evidenced by such bonds, under the larger limit allowed by the constitution for sewer and water systems, and which larger limit is fixed by section 4800, in subdivision 64 thereof, Political Code, at ten per cent. of the assessed valuation of property, as the maximum amount of indebtedness the city can incur for such sewer and water systems, when the same shall be necessary to construct such system or systems, and after the same shall be authorized by vote of the people.

Section 6, Article XIII of the constitution reads as follows :

"No city, town, township or school district shall be allowed to become indebted in any manner or for any purpose to an amount including existing indebtedness, in the aggregate exceeding three per centum of the value of the taxable property therein, to be ascertained by the last assessment for the state and county taxes previous to the incurring of such indebtedness, and all bonds or obligations in excess of such amount by or on behalf of such city, town, township or school district shall be void : Provided, however, that the legislative assembly may extend the limit mentioned in this section, by authorizing municipal corporations to submit the question to a vote of the tax-payers affected thereby, when such increase is necessary to construct a sewerage system or to procure a supply of water for such municipality which shall own and control said water supply and devote the revenues derived therefrom to the payment of the debt."

That part of subdivision 64, section 4800 of the Political Code, pertinent to this question, is as follows :

"That an additional indebtedness may be incurred, when necessary, to construct a sewerage system.  *  *  *  The additional indebtedness authorized, including all indebtedness heretofore contracted, which is unpaid or outstanding, for the construction of a sewerage system, shall not exceed ten per centum over and above the three per centum heretofore referred to of the total assessed valuation of the taxable property of the city, as ascertained by the last assessment for state and county taxes; and provided further, that the above limit of ten per centum shall not be extended unless the question shall have been submitted to a vote of the taxpayers affected thereby and carried in the affirmative by a vote of a majority of said taxpayers who vote at such election."

It will be observed that the section of the code quoted above is in harmony with the constitutional provision involved. The creation of an indebtedness greater than three per cent. of the assessed value of property within the limits is absolutely forbidden to the city by the constitution and the statute, unless the creation thereof is *necessary*, and is authorized by a vote

of the electors, for the purpose of constructing a sewer or water system. It is conceded that at the time the ordinance ordering an election was passed by the city, and when the election was held thereunder to declare the sewer bonds out of the three per cent. limit and into the ten per cent. limit, allowed by law for sewer and water systems, that the city of Helena had already constructed her sewer system. In fact her sewer system was constructed prior to the adoption of the constitution and the enactment of the provision ·of the code thereunder. The bonds in question were issued under laws passed by the territorial legislature. These laws and the validity of the bonds are not questioned. The defendants contend that, as cities which had no sewer systems when the constitution was adopted, might take advantage and get the benefit of its provisions by declaring its sewer bonds out of the three per cent. limit fixed by the constitution for ordinary expenses, by proceeding in the manner that the city of Helena has undertaken to proceed, it would be a manifest injustice to deny to cities that had a sewer system before the adoption of the constitution, the right to so place, distribute and dispose of their indebtedness. But under the constitution and the statutes enacted thereunder, before any city can create a debt in excess of three per cent. of the value of the taxable property therein, it must be *necessary* to do so for the purpose of constructing a "sewerage system or to secure a supply of water for such municipality."

Was it *necessary* in order to secure a sewerage system or supply of water for the city by ordinance and vote of the people to take these sewer bonds out of the three per cent. limit and place them in the ten per cent. limit, at the time the attempt to do so was made as shown in the statement? We think not. It could not be *necessary*, for the city had its sewer system at the time. Suppose, as suggested by counsel for appellant in the argument of the case, that a city which had constructed its sewer system since the adoption of the constitution, and had paid for it out of its general fund, should undertake to vote and place the amount of the cost of its con-

struction out of the three per per cent. limit and into the ten per cent. limit permitted under circumstances shown above, would it be contended that such action would be warranted, either by the constitution or provision of the code cited above? We think not. There would clearly, in such case, be no necessity that would authorize such action. The constitution, we think, is prospective in its terms and purposes. If this view acts harshly upon the city of Helena in this instance, we cannot help it, however much we may regret it. We must construe the constitution and laws as we find them. We have no power or disposition to legislate in this matter. We have so far contended for and held to a strict construction of the fundamental law of the state. We believe it to be right, and for the best interest of the people to strictly construe the constitution. We cannot consent to such a loose and liberal construction of that sacred instrument as shall in effect abrogate its provisions and thereby endanger the guarantees of life, liberty and property which the framers thereof sought to secure to the people. (*State* v. *Rotwitt*, 15 Mont. 29; *State* v. *Tooker*, 15 Mont. 8; *State* v. *Mitchell*, 17 Mont. 67; *State* v. *Camp Sing*, 18 Mont. 128.) In *State* v. *Camp Sing*, we said :

"And in the matter before us it is better that we suffer all the inconveniences of a present loss of revenue than that we let go of the constitution for the sake of relief from temporary distresses. The argument of *ab inconvenienti* must be excluded from all control over the decision." The provisions of the constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise. (§ 29, Article III of the Constitution.)

We are, therefore, of the opinion that the city cannot now place the sewer bonds involved in the ten per cent. limit as it has sought to do, and that its attempt to do so is void.

The cause is remanded to the district court with instructions to enter judgment in accordance with the views herein expressed. Remittitur forthwith.

DE WITT and HUNT, JJ., concur