PARKER, APPELLANT, *v.* CITY OF BUTTE ET AL., RE-
SPONDENTS.

(No. 4,728.)

(Submitted November 15, 1920.  Decided November 22, 1920.)

/    [193 Pac. 748.]

*Cities and Towns—Floating Indebtedness—Funding Bonds—*
*Statutes—Special Election.*

Cities and Towns—Floating Indebtedness—Power to Issue Funding
Bonds—Submission to Voters not Necessary.
1.  Under sections 3461 and 3462, Revised Codes, a city may,
through its council, issue bonds for the purpose of funding its
floating indebtedness, without submitting the matter to a vote of
the taxpayers.

Same—Funding Bonds—Power of Legislature.
2.  The legislature has power to grant cities and towns authority
to fund their floating indebtedness.

*Appeal from District Court, Silver Bow County; Joseph R.*
*Jackson, Judge.*

ACTION by John S. Parker against the City of Butte, and
W. T. Stodden, its mayor.  From a judgment for defend-
ants, plaintiff appeals.  Affirmed.

*Mr. Michael Donlan,* for Appellant, submitted a brief and
argued the cause orally.

*Mr. R. L. Clinton* and *Mr. E. D. Elderkin,* for Respondents,
submitted a brief; *Mr. Clinton* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the
court.

It appears from the complaint herein that the city of Butte
is a duly organized municipal corporation, with an assessed
valuation of $90,000,000, amounting, for taxable purposes, to
approximately $30,000,000; that at a regular meeting of the
city council, held on the twelfth day of July, 1920, the said
council duly passed and approved a resolution authorizing and
directing the issuance of funding bonds in the amount of
$600,000, the denominations of the bonds to be $100, $500 and

Whether funding existing debts increases municipal indebtedness,
see note in 21 Ann. Cas. 1334.

$1,000, to bear interest at not to exceed six per cent per year, interest payable semi-annually, for the purpose of funding and taking up outstanding city warrants totaling the full amount of such proposed bonds. The complaint further alleges that at the time of the passage of such resolution the city had an outstanding floating indebtedness of that amount, represented by city warrants issued in the manner prescribed by law, for valid municipal indebtedness incurred by the city, and the lack of money for the payment thereof, and that all of said warrants have been presented to the city treasurer for payment and payment refused for lack of funds. It is then alleged that the said city will proceed to issue, sell and exchange such funding bonds, unless restrained, and that no election has been held authorizing the issuance of the bonds; that the plaintiff is the holder of a large number of such outstanding unpaid city warrants, and is a taxpayer in the city of Butte; and, finally, "that the attempted issue, sale and exchange of said funding bonds without an election called and held in the manner provided by law for the submission of bond issues is illegal and without jurisdiction of the said city council and the said city mayor; and that all bonds so issued will be illegal and invalid and issued without warrant of law."

On the complaint the district court issued an order to show cause and a temporary restraining order. The defendants, in their answer and return, admit all of the allegations of the complaint, save and except the legal conclusions challenging the legality of their acts and the validity of the bonds when issued, and allege that the city council, legally constituted as it was, had power to pass, and did pass, the resolution which in itself was sufficient to authorize the issuance of said funding bonds. On the hearing the court entered judgment in favor of the defendants, and dissolved the temporary restraining order. From this judgment the plaintiff appeals.

The only question involved is as to the authority of the city, [1] through its duly constituted city council, to so fund its outstanding floating indebtedness without an election by the taxpayers authorizing or ratifying such action.

The plaintiff contends that it is "the general accepted theory that cities cannot issue bonds for any single purpose in excess of $10,000, without an election," and cites in support thereof section 3259, subdivision 64, Revised Codes. The section referred to, however, authorizes the city council "*to contract an indebtedness* on behalf of a city," for certain specified purposes, provided the total amount thereof, including the then existing indebtedness, must not exceed three per cent of the total assessed valuation of the taxable property of the city, and providing, further, that "no money must be borrowed on bonds *issued* for the construction, purchase or securing of a water plant, water supply, or sewerage system, until the proposition has been submitted to the vote of the taxpayers." A mere cursory reading of the section discloses that it has no application to the attempted action of the city council under consideration. The section refers only to the contracting of an indebtedness—an indebtedness in addition to the "then outstanding indebtedness of the city."

Here it is not sought to contract any indebtedness whatsoever, but merely to pledge the credit of the city by the issuance of bonds for the payment of an indebtedness which it was already obligated to pay. Thus it was said by this court, in the case of *Hotchkiss* v. *Marion,* 12 Mont. 218, 29 Pac. 821, under analogous circumstances, that: "It is plain that the issuance of these bonds, which changed the form of the outstanding bonds, warrants, and orders of the county of Missoula, is not the creation of a new indebtedness or liability" —which statement is quoted with approval in *Palmer* v. *City of Helena,* 19 Mont. 61, 47 Pac. 209. However, the rule there announced, and on which counsel for the city rely, no longer applies to the affairs of counties, inasmuch as Title 2, Part 4, of the Revised Codes, was enacted subsequent to the announcement of that rule. Section 2933 is a part of said Title, and reads as follows: "The board of county commissioners must not borrow money for any of the purposes *mentioned in this Title,* or for any single purpose to an amount exceeding ten thousand dollars without the approval of a majority of the

electors of the county, and without first having submitted the question of a loan to a vote of such electors.''

In *Edwards* v. *County of Lewis and Clark,* 53 Mont. 359, 165 Pac. 297, this court, after quoting the foregoing section, said: '' 'The purposes mentioned *in this Title'* include all the purposes enumerated in section 2905, for both sections are parts of the same title.'' (Section 2905 is the county's authority for the funding and refunding of outstanding indebtedness.) The court further' said: ''The language is altogether different from that employed in the territorial statute, and in reviewing the history of the Act we cannot close our eyes to the fact that after this court had interpreted the former provisions, in *Hotchkiss* v. *Marion,* the legislature deliberately saw fit to make the radical change in phraseology, thereby furnishing the very best evidence that it was the intention to establish a rule different from the one announced in that case. The language, 'for any of the purposes mentioned in this title,' is as comprehensive as it can be made. The commissioners cannot borrow money to refund outstanding indebtedness exceeding $10,000, by the issuance of bonds or otherwise, without having first obtained the approval of the electors of the county.'' The court, however, points out the distinction between the incurring of an indebtedness and borrowing money as follows: ''The terms 'incur indebtedness or liability,' as used in the Constitution, are not synonymous with the term 'borrow money,' used in section 2933. * * * It is apparent to any one that the indebtedness represented by the road warrants will not be discharged by issuing bonds and from the proceeds paying off the warrants, and that no new indebtedness will be incurred. The indebtedness will remain, but the evidence of it will be changed from the warrants to the bonds. The transaction is not unlike that of the individual who gives his note for an indebtedness represented by a duebill or open account, or who borrows from A. to pay B.'' With this distinction in mind, we have searched the statutes in vain for any prohibition against the action of the city council in providing for the funding of the outstanding indebtedness of

the city without submitting the matter to a vote of the electors or taxpayers.

As heretofore noted, subdivision 64 of section 3259 refers only to the right of the council to ''contract an indebtedness on behalf of the city * * * by borrowing money or issuing bonds,'' and as the instant issue of bonds does not contemplate the contracting of an indebtedness, but merely the changing of the form of a pre-existing indebtedness, the restriction therein placed on the action of the council does not apply to the issuance of such funding bonds.

While it may be said that the action of the legislature in changing the rule laid down in the case of *Hotchkiss* v. *Marion, supra,* indicates a repugnance on the part of the law-making power to permit such action by public corporations, without first obtaining the consent of the electors who must bear the burden of providing the funds for repaying the loan, the courts must declare the law as they find it, and the rule laid down in the *Hotchkiss Case,* to the effect that: ''The Constitution has recognized and preserved the distinction between laws which relate to the funding of an indebtedness which is already in existence, and the incurring of a new liability in an amount exceeding $10,000. The approval of a majority of the electors is not essential to the validity of this action of the board of county commissioners''—is, in the absence of any legislative declaration to the contrary, still applicable to such action as is here proposed by the city of Butte, under sections 3461 and 3462 of the Revised Codes, which read as follows:

''3461. *Funded Debt.*—The council of any city or town having a floating indebtedness of ten thousand dollars or more may fund the indebtedness and issue bonds with coupons attached thereto, as hereinafter provided in this chapter.

''3462. *Proceedings to Fund.*—The council, by a resolution, must declare that the existing indebtedness of the town or city shall be funded by the issuance of such bonds. The bonds must be issued for a sum not less than one hundred dollars nor more than one thousand dollars. The interest thereon must not exceed six per cent. per year, payable semiannually, and may issue to any person holding city or town warrants,

indebtedness or just claims against a city or town prior to the passage of such resolution, at par."

That the granting of such authority above to cities and [2] towns is within the power of the legislature cannot be questioned. (5 McQuillin on Municipal Corporations, p. 4824.)

No attack is made on the form of the resolution or the regularity of the proceedings of the city council. From the foregoing it is apparent that the city council acted within the power granted to it by the legislature, and that there is no legal impediment to the issuance and disposal of the funding bonds in question. The judgment of the district court is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.