THE STATE OF FLORIDA, *Appellant,* v. CITY OF OKEECHOBEE, a Municipal Corporation, *Appellee.*

Division B.

Opinion filed March 22, 1930.

618

*Angus Sumner,* for Appellant;

*L. W. Jennings,* for Appellee.

BUFORD, J.—The appellee, City of Okeechobee, filed a petition for the purpose of validating the issuance of bonds of the City of Okeechobee in the amount of $110,000.00, which bonds were sought to be issued under authority of Chapter 11855, Laws of Fla., Acts of 1927. The proceedings to validate were brought under Chapter 6868 Acts of 1915. The resolution shows that the bonds were proposed to be issued for the purpose of retiring and refunding $78,000.00 of interest coupons attached to several of the outstanding issues of the City of Okeechobee bonds in the hands of holders in due course, $62,250.00 of which were past due and unpaid at the time of the adoption of the resolution and $15,750.00 of which would become due and payable on the 13th of December, 1929 and March 1st 1930; and for the further purpose of retiring and refunding $4,260.00 of past due interest coupons attached to two outstanding time warrants issued by the City of Okeechobee, and $16,000.00 of principal of such time warrants past due and unpaid, and $8,000.000 of principal of time warrants due April 1st, 1930, all in the hands of holders in due course and unpaid, and also to retire two notes of the City of Okeechobee given for permanent fire equipment in the sum of $4,600.00.

The State, by its State's Attorney, filed answer to the petition and set up as a bar to the issuance of the refunding bonds sought to be issued that the issuance of such bonds would cause the total outstanding bonded indebtedness of said City to exceed 25% of the assessed valuation of real and personal property therein.

The answer alleges:

"That said issue of bonds is for the purpose of retiring valid outstanding interest coupons of bonds and time warrants of said City of Okeechobee and valid time warrants and notes thereof, but the issuance thereof for such purposes is not authorized by law, but is prohibited thereby by reason of the fact that the bonded debt of the City of Okeechobee aforesaid is in excess of the twenty-five per centum of the assessed valuation of the real and personal property therein."

There is nothing in the answer to show that the original indebtedness when incurred exceeded the limit fixed by the statute creating the municipality or that any part of said indebtedness was for any cause invalid. It is contended that because the total bonded indebtedness will, if these bonds are issued, exceed 25% of the total assessed valuation as is shown by the assessment roll of the municipality at this time, that such bonds must be held to be unauthorized.

In the issuance of these bonds there is no attempt upon the part of the city to create a new indebtedness, or a new or additional tax burden on the taxpayers of the municipality. This Court, in an able opinion prepared by Mr. Justice STRUM, in the case of Davis v. Dixon, opinion filed June 25th, 1929, reported 123 So. R. 536, say:

"We are aware of the well-nigh universal general rule that even where a constitutional provision requires:

a vote of the electors to originally authorize the incurring of an indebtedness, or the original issuance of bonds, no such election is necessary to the issuance of refunding bonds pursuant to statute for the purpose of discharging outstanding bonds originally issued in accordance with the constitutional requirement so long as the refunding bonds create no additional or increased liability on the part of the obligor, unless, of course, the statutory or other authority under which the refunding bonds are issued requires a re-submission to the electorate. The theory of the cases so holding is that, since the bonds are not the debt itself but the legal evidence of the existence of the debt, the issuance of refunding bonds for the purpose of discharging an existing legal indebtedness, originally incurred in accordance with the constitutional require-ment, does not create a new debt or impose any new liability against the taxpayers or their property within the meaning of such constitutional provision, but merely renews and continues in a changed form the original existing indebtedness which was originally created in conformity with the Constitution, and that such constitutional provision therefore does not prohibit the renewal, without a vote, of the previously existing valid debt, so long as no additional or increased liability is created. The fact that interest must be paid upon the refunding bonds during the additional renewal period would not impose an ad-ditional or increased liability as contemplated by that rule, because, if the original bonds were allowed to rest in default, they would continue to draw interest. The result, therefore, would be the same in dollars and cents, except in cases where the legal rate is higher than the contract rate on the bonds and in certain

states where the rule prevails that bonds in default shall draw interest during the period of default at the legal rate and not the contract rate. Under those circumstances, it would be more expensive to permit the bonds to rest in default than to refund them, and such additional expense would be prevented by the issuance of refunding bonds. Veatch v. City of Moscow, et al., 18 Idaho 313, 109 Pac. R. 722, 21 Ann. Cas. 1332; Blanton v. Board of County Com'rs., 101 N. C. 532, 8 So. E. R. 162; McCless v. Meekins, 117 N. C. 34, 23 So. E. R. 99; McCreight v. City of Camden, 49 S. C. 78, 26 So. E. R. 984; Gaulbert v. City of Louisville (Ky.) 97 So. W. R. 342; Culbertson v. City of Louisville, 138 Ky. 747, 128 So. W. R. 292, 129 So. W. R. 95; Geer v. Board of Com'rs. (C. C. A.) 97 Fed. R. 435; Hickey v. Nampa, 22 Idaho 41, 124 Pac. R. 280; State v. Weinrich, 291 Mo. 461, 236 So. W. R. 872; Board of Com'rs. v. Aetna Ins. Co. (C. C. A.) 90 Fed. R. 222; Board of Com'rs. v. National Life Ins. Co. (C. C. A.) 90 Fed. R. 228; Board of Com'rs. v. Society for Savings (C. C. A.) 90 Fed. R. 233; City of Pierre v. Dunscombe (C. C. A.) 106 Fed. R. 611, 617; Rollins & Sons v. County Com'rs. (C. C. A.) 80 Fed. R. 692; Hughes County v. Livingston (C. C. A.) 104 Fed. R. 306; State ex rel. v. Neosho, 203 Mo. 40, 101 So. W. R. 99; City of Los Angeles v. Teed 112 Cal. 319, 44 Pac. R. 580; Miller v. School District, 5 Wyo. 217, 39 Pac. R. 879; City of Huron v. Second Ward Savings Bank (C. C. A.) 86 Fed. R. 272, 49 L. R. A. 534; Parker v. City of Butte, 58 Mont. 531, 193 Pac. R. 748; Board of Com'rs. v. Travelers Ins. Co. (C. C. A.) 128 Fed. R. 817; Abbott on Public Securities, p 420. Compare Doon Tp. v. Cummins, 142 U. S. 366, 12 Sup.

Ct. R. 220, 35 L. Ed. 1044, and Montpelier Sav. Bank v. School Dist., 115 Wis. 622, 92 N. W. R. 439.''

Under the provisions of Chapter 11855 Laws of Florida, Acts of 1927, a municipality, if not precluded by existing statutory or organic law, may issue refunding bonds for the purpose of refunding any valid bond, note, certificate of indebtedness or other obligation for the payment of which the credit of such municipality is pledged, at or prior to maturity in the manner provided for in the statute. It is admitted by the answer that the indebtednesses which are sought to be refunded are valid and binding obligations of the municipality for which the credit of the municipality is pledged.

The decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.