**STATE OF FLORIDA and THE TAXPAYERS, PROPERTY OWNERS and CITIZENS OF CITY OF MIAMI, INCLUDING NONRESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, v. THE CITY OF MIAMI, a Municipal Corporation of the State of Florida.**

19 So. (2nd) 790
November 21, 1944

June Term, 1944
Division B

*Stanley Milledge,* for appellants.

*J. W. Watson, Jr.,* and *Masslich* and *Mitchell* (New York, N. Y.), for appellee.

THOMAS, J.:

Water revenue bonds of the City of Miami were issued and validated by decree of the circuit judge which was affirmed on appeal to this Court. State, et al., v. City of Miami, 146 Fla. 266, 200 So. 535. Some of the bonds were to mature in each of the years 1941 to 1969, and all those which have fallen due have been retired.

Now, to obtain the advantage of reduced interest, it is proposed to refund all bonds of the original issue remaining after payment of those maturing 1 December 1944. The circuit judge confirmed the plan, and we are asked to decide whether the city is authorized by law to substitute the new securities for the old. Stating it otherwise, did the power to issue, which we recognized and approved in the cited case, carry with it the power to refund?

It is true, as appellant urges, that the powers of municipalities are circumscribed, are limited to those granted by their creator, the legislative body. The rule was recently stated by Mr. Justice TERRELL when he said cities could "exercise only such powers as [were] granted, . . . in express terms or . . . necessarily implied from those granted," and further, any "reasonable doubt as to the existence of the power [would] be resolved against the municipality." State ex rel. Cole v. Keller, 129 Fla. 276, 176 So. 176, 180.

While there may be no specific power in the Acts, cc. 19980 and 19982, Laws of Florida, S.P. Acts of 1939, to refund bonds once issued, it does not follow that authority to refund may not be implied from authority to issue orginally; nor is doubt

reasonable that a municipality empowered to undertake certain obligations may renew them at a substantial saving to the people. The Supreme Court of Louisiana, after recognizing the principle we have just stated, added that although no express authority to refund could be found, it was included in the power to call and redeem an authorized issue. State ex rel. Maestri v. Cave, 193 La. 419, 190 So. 631. The two Acts cited gave the City of Miami power to "redeem such bonds, and covenant for their redemption, and to provide the terms and conditions thereof." Sec. 11(h), cc. 19980 and 19982, supra.

A like question was considered by the Supreme Court of Illinois, and that tribunal held that bonds payable from revenue could be supplanted by refunding bonds although there was no express provision for the latter. People ex rel. City of Rock Island v. Rudgren, 378 Ill. 408, 38 N. E. 2nd 723. Other decisions on the matter may be found in the cases cited.

We find no difficulty in holding that power expressly granted to issue bonds payable from revenue includes power to refund those bonds upon terms more favorable to the obligor-city. The conclusion is in entire harmony with our frequent expressions that refunding bonds are but a renewal and continuation of the existing debt. State v. City of Okeechobee, 99 Fla. 617, 127 So. 339; Sullivan v. City of Tampa, 101 Fla. 298, 134 So. 211.

The circuit judge was quite correct when he validated the refunding bonds, and his action is

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.