82 So.2d 874 (1955)
The STATE of Florida et al., Appellant,
v.
CITY OF ORLANDO, Florida, Appellee.
Supreme Court of Florida. Special Division B.
October 19, 1955.
*875 Murray W. Overstreet, Kissimmee, for appellant.
John G. Baker, Orlando, for appellee.
THOMAS, Justice.
The Judge of the Circuit Court of the Ninth Judicial Circuit rendered a decree validating and confirming "Sewer Revenue Bonds" of the City of Orlando of the approximate aggregate principal of five and one-half million dollars, and the State of Florida appealed.
All the bonds are payable from the revenues of the system, monies to be advanced by the Orlando Utilities Commission and the service taxes from utilities, and the holders are expressly precluded from the right to compel the levy of ad valorem taxes to meet payments of principal and interest.
The bonds will be issued in two series. The proceeds of Series A, in the sum of $2,938,000, will be used to refund and refinance outstanding "Sewer Bonds" of an equal amount maturing in the years 1956 to 1978; the proceeds of Series B will be spent in construction and in the extension and improvement of the present system.
The only question presented by the state in this appeal involves all the bonds of Series A that are actually sold, instead of being exchanged for outstanding bonds. The ordinance authorizing the issuance of the bonds contained the provision that all monies received from the sale of bonds in this series "shall be deposited in an irrevocable Trust for the sole purpose of refunding or refinancing said Outstanding Sewer Revenue Bonds and for payment of interest to and including April 1, 1958 and call premiums on said Outstanding Bonds."
The state contends that such self-imposed restraint in impounding the fund amounts to unsound fiscal management and will "result in 2 1/2 years of double indebtedness for a single purpose." We cannot agree. The trust fund may be invested in obligations of the United States which would, of course, yield interest and, besides, there was testimony before the judge that all the bonds could be sold at a lower rate of interest because by the whole plan all of them would at once be secured by a first lien and any question of relative dignity between the old bonds and the new would be eliminated.
We find nothing in the arrangement which clashes with our pronouncements in City of Miami v. State, 139 Fla. 598, 190 So. 774, and State v. City of Miami, 155 Fla. 6, 19 So.2d 410, unless we over-emphasize the word "promptly". We held in the first case that bonds being refunded should be promptly purchased and cancelled. But in the second opinion we decided that an "appreciable" length of time might pass and that we had not limited the time to any "arbitrary" period.
When the magnitude of the present undertaking is considered and the circumstances surrounding the contemplated work and financing are taken into account, we cannot agree with the state's contention that any of the antonyms of promptness characterized the actions of the city in proposing one issue of bonds which would at once meet the needs of the city for an improved sewer system and consolidate the indebtedness related to the system.
The new bonds carry the date 1 April 1955 and the old ones are callable 1 April 1958. It seems to us it would not be sensible to require the city to choose between waiting another two or three years for the improvement, and acting immediately with eventual loss of money. It will advance *876 the public welfare to better the sewerage system now and it will advantage the public treasury to incorporate the issues in one financing plan. Cf. State v. City of Miami, 155 Fla. 180, 19 So.2d 790, 1 A.L.R.2d 132. The testimony which the circuit judge considered and our own reasoning bring us to the conclusion that he ruled correctly when he decided that the state's objection on this score should not be sustained.
Affirmed.
DREW, C.J., and HOBSON and ROBERTS, JJ., concur.