TERRELL, Chief Justice.
This appeal is from a decree of the Circuit Court of Duval County validating an issue of refunding bonds proposed by Jack *872 sonville Expressway Authority, hereinafter referred to as Expressway Authority, an agency of the State of Florida created by Chapter 29996, Acts of 1955-, F.S.A. § 349.-01 et seq. Suit to validate was brought pursuant to Chapter 75, Florida Statutes, F.S. A. No controversy arises as to questions of fact or points of law involved.
It is first contended that the outstanding Florida State Improvement Commission bonds cannot be lawfully refunded prior to October 1,1960.
Section 4, Chapter 29996, Acts of 1955, expressly provides for refunding these bonds, the resolution of the Expressway Authority adopted pursuant to said act authorizes such refunding and even though the resolution of the Expressway Authority and said act were absent, the refunding could have been done in the manner approved by State v. City of Orlando, Fla., 82 So.2d 874, which we think forecloses the point.
It is next contended that the Expressway Authority is not authorized to enter into a new lease-purchase agreement with the State Road Department so long as any of the formerly issued Expressway Authority revenue bonds dated October 1, 1950, are outstanding and unpaid.
It is admitted that at the time this suit was brought there were outstanding expressway bonds, issued by Florida State Improvement Commission, aggregating $26,000,000 secured (1) by an equitable lien on the gross tolls from the John E. Mathews and Fuller Warren Bridges and (2) by 80% of the 2‡ gasoline tax allocated to Duval County by State Road Department pursuant to Section 16(c), Article IX of the Constitution, F.S.A., less not to exceed $40,000 thereof previously pledged to secure the bonds of Fernandina Port Authority.
Chapter 29996, Acts of 1955, in terms authorized a new lease-purchase agreement between the Expressway Authority and the State Road Department. The trust indenture authorized by the Expressway Authority pursuant to said act expressly provides that a sufficient portion of the proceeds of the refunding issue shall be deposited with the paying agent of the original issue of October 1, 1950 (Chase Manhattan Bank of New York) and invested in securities of the United States of America, said securities to be held in trust exclusively for payment of principal and interest of said original issue of bonds. This agreement secured the holders of the original bonds dated October 1, 1950, and brought this case within the holding of State v. City of Orlando, supra, so there is no basis for the charge of invalidity as to the lease-purchase agreement between Expressway Authority and the State Road Department.
It is next contended that the irrevocable provision of the lease-purchase agreement is not authorized by law.
Inspection discloses that the lease-purchase agreement between Florida State Improvement Commission and the State Road Department involving a previous but similar issue of revenue bonds by Florida State Improvement Commission contained in effect the same provisions that were necessarily approved by this court in State v. Florida State Improvement Commission, Fla., 47 So.2d 601, a bond validation suit. We find no objection in the Constitution or the statute to the lease-purchase agreement in question. It would certainly be irrevocable against the bonds previously issued until they are paid.
It is next contended that the State Road Department is not legally authorized to pay the cost of operating or completing the expressway system (if it exceeds the proceeds of the proposed bond issue) from sources other than revenues derived from the operation thereof.
The lease-purchase agreement authorized the State Road Department to pay (1) the cost of operating the expressway system; (2) the cost of completing said system if the net amount realized from the sale of new bonds is not sufficient both from *873 sources other than revenues derived from operating the expressway. The Expressway Authority, Chapter 29996, Acts of 19SS, authorized this. See sixth paragraph of Section 7 thereof. See also Florida Highway Code of 1955, Chapter 29965, and Chapters 334-339, Statutes of 1955, F.S.A.
The expressway system was designated a state highway by Chapter 25002, Acts of 1949. See also Sections 90, 104, 119, 122, 123, 124(1) and 139, all having to do with the power and duties of the State Road Department in the matter of leasing, purchasing, construction including agreements to operate and maintain any road or part thereof free from tolls or otherwise in the manner it may deem advisable. Supporting this specific authorization on the part of the State Road Department, see State v. Florida State Improvement Commission, supra, wherein this court approved validation of original issue of expressway bonds issued by Florida State Improvement Commission, to be refunded from proceeds of the bonds involved here. The last cited case would seem to be a complete answer to this question.
The concluding question has to do with that of whether or not the State Board of Administration must approve the fiscal and legal sufficiency of the proposed issue of revenue bonds to perform duties with respect to same and supervise the funds of the Authority.
In its answer to the petition to validate, the state precipitated two questions relating to the function of the State Board of Administration as follows: (1) The resolution authorizing issuance of the bonds in question and the trust indenture to secure them did not prescribe any duties for the State Board of Administration, and (2) the fiscal and legal sufficiency of the refunding bonds in question had not been approved by the State Board of Administration. Sections 344.26 and 344.261, Florida Statutes 1955, F.S.A., are the predicate for these questions.
We do not think these sections have any relation to refunding bonds issued by the Expressway Authority, but if they do, the State Board of Administration by authority of Paragraph C, Section 5, Chapter 29996, Acts of 1955, by resolution unanimously approved and authorized the Expressway Authority to employ banks and trust companies within or without the state as fiscal agents to act as its bond trustees, registrar, paying agent and depository.
It is true that the last cited statutes, at one time imposed limitation on bond issues and lease-purchase agreements by the State Board of Administration, but this is no longer true. Chapter 29996, creating the Expressway Authority as a state agency, authorized it to issue and refund bonds and complete construction of the expressway system. It impliedly repealed said two sections in so far as they related to the expressway and Section 17 of Chapter 29996 expressly superseded them in so far as they relate to the Expressway Authority.
As to whether the State Board of Administration must be trustee for expressway bonds, we think Paragraph C of Section 5, Chapter 29996, Acts of 1955, concludes the point, particularly that part providing that by consent of the State Board of Administration the Expressway Authority may enter into a trust indenture, with any bank or trust company within or without the state et cetera, pursuant to which on November 13, 1956, the State Board of Administration adopted the following resolution :
“Resolved that the State Board of Administration of Florida does hereby consent to the employment by the Jacksonville Expressway Authority of any banks or trust companies within or without the State of Florida as its bond trustee, registrar, paying agent and depositary, pursuant to Paragraph C, of Section 5 of Chapter 29996, Acts of the Florida Legislature of 1955, and as authorized by said Paragraph C, of *874 Section 5 of the Jacksonville Expressway Authority Law.”
From this it would seem clear that Sections 344.26 and 344.261 vest no control over appellee by the State Board of Administration for the reason that said acts were superseded by Paragraph C of Section 5, Chapter 29996, Acts of 1955, pursuant to which the State Board of Administration has consented that appellee may employ any bank or trust company to perform all fiscal functions relating to the bond issue in question.
Other questions proffered have been considered but found to be without merit. The judgment of the Circuit Court of Duval County must be, and is, hereby
Affirmed.
ROBERTS, DREW and THORNAL, JJ., concur.