DREW, Justice.
This appeal is taken directly to this Court from a final decree of the trial court validating $46,000,000 Expressway Revenue Bonds, Series of 1968, of the Tampa-Hills-borough County Expressway Authority. The appeal has been prosecuted by the State Attorneys of the Second and Thirteenth Judicial Circuits, being respectively the Circuit in which the Capital is located and the Circuit in which the proposed improvements are to be constructed. Jim Fair, an intervenor in the lower court, was served with notice of the appeal and was permitted to participate in the oral argument before this Court. At the hearing he presented and argued two questions; one to “Stay and for other Relief”, the other “For Copies of Pleadings and Notice of Circuit Court Cases”. Both motions are hereby denied. The questioned decree is as follows:
“The above and foregoing cause having come on for final hearing on the date and at the time and place set forth in the order to show cause heretofore issued by this Court and in the notice addressed to the State of Florida and the several property owners, taxpayers and citizens of the State of Florida, including non-residents owning property or subject to taxation therein, and all others having or claiming any fight, title or interest in property to be affected by the issuance by the Tampa-Hillsborough County Expressway Authority (herein referred to as ‘Authority') of $46,000,000 Expressway Revenue Bonds, Series of 1968, hereinafter more particularly described, or to be affected in any way thereby, and as heretofore issued against the State of Florida on Complaint of said Authority, and the answers of the Honorable William D. Hopkins, State Attorney for the Second Judicial Circuit of Florida, and Delbert L. McLaughlin, the Assistant State Attorney for the Thirteenth Judicial Circuit of Florida, having been filed herein, and Jim Fair, Defendant, having intervened and filed an answer herein, and the Court having considered the same and having heard the evidence and being fully advised in the premises finds as follows:
“FIRST: That the Tampa-Hillsborough County Expressway Authority (hereinafter referred to as ‘Authority’) was duly created under and pursuant to Chapter 348, Part III, Laws of Florida, Acts of 1945, and acts amendatory thereof and supplemental thereto (hereinafter collectively referred to as ‘Act’) ; that the Authority is empowered to acquire, hold, construct, improve, maintain, operate, own and lease an expressway system in the County of Hillsborough (hereinafter referred to as ‘Expressway System’).
“SECOND: That the Authority has determined that it is now necessary and in the best interest of the Authority, Hillsborough *457 County, the State of Florida and the citizens and inhabitants of Hillsborough County that an initial part of the Expressway System (hereinafter referred to as ‘1968 Project’), within the meaning of the Act be constructed substantially in accordance with the engineering report of J. E. Greiner Company and Watson and Company, Tampa, Florida, Consulting Engineers of the Authority, dated December, 1967, as amended.
“THIRD: That the Authority has heretofore presented the plan of the 1968 Project to the Hillsborough County Planning and Zoning Commission and has received the comments and favorable recommendation of such Commission.
“FOURTH: That for the purpose of providing for the acquisition and construction of the 1968 Project the Authority by resolution adopted on the 22nd day of October, 1968, as amended, has duly authorized the issuance of revenue bonds in the aggregate principal amount of not exceeding Forty-Six Million Dollars ($46,000,000) designated as ‘Expressway Revenue Bonds, Series of 1968’ (hereinafter called the ‘Bonds’), on the terms and conditions therein provided, secured by a pledge by the State Road Department of Florida pursuant to the Act and the Lease — Purchase Agreement, hereinafter referred to, of all the Revenues from such Expressway System and the Hillsborough County Gasoline Tax Funds, as therein defined, (subject to the prior lien thereon of certain outstanding obligations heretofore issued by the Florida Development Commission and the State Road Department for the payment of which such funds are pledged), which pledge has been consented to by Hillsborough County as evidenced by a resolution heretofore duly adopted by the Board of County Commissioners of Hillsborough County.
“FIFTH: That the Revenues to be derived from said Expressway System of the-Authority, together with said Hillsborough County Gasoline Tax Funds, will be sufficient to pay the principal of and interest on all of the Bonds issued pursuant to the resolution and the Trust Agreement contained therein, and to make all reserve and sinking fund and other payments provided for in said resolution.
“SIXTH: That the principal of and interest on the Bonds to be issued pursuant to said resolution and Trust Agreement, and all of the reserve or sinking fund and other payments provided for in said resolution and Trust Agreement will be paid solely from the Revenues derived by the Authority from said Expressway System and said Hillsborough County Gasoline Tax Funds, and it will never be necessary for the ad valorem taxing power of the County of Hillsborough or the City of Tampa or of the State of Florida, or any political subdivision thereof to be used to pay the principal or interest on the Bonds to be issued pursuant to said resolution and Trust Agreement, or to make any of the reserve or sinking fund or other payments provided for in said resolution or Trust Agreement.
“SEVENTH: That said resolution provides for the issuance of said $46,000,000 Bonds to be dated September 1, 1968, to bear interest at a rate or rates not exceeding six per centum (6%) per annum to be determined upon the sale thereof, and maturing $18,000,000 on September 1, 1992, and $28,000,000 on September 1, 2008, and authorizes the execution of a Trust Agreement between the Authority and a Trustee and Co-Trustee to be hereafter designated by resolution of the Authority for the further security, rights and remedies of the holders of said Bonds. The resolution and Trust Agreement fix the form and other details of said Bonds and provide for the manner of issuance thereof and further provide that the holders of said Bonds shall never have the right to require or compel the exercise of the ad valorem taxing power of the City of Tampa, the County of Hills-borough or any political subdivision thereof, or the taxation of real estate in said City or County, or any political subdivision thereof, for the payment of the principal of or interest on said Bonds or for the making of *458 any reserve or sinking fund payments provided for in the resolution or Trust Agreement.
“EIGHTH: That said Bonds are of the character and the said proceedings preliminary to the issuance thereof are of the nature as entitled the Plaintiff to proceed under the provisions of Chapter 75, Florida Statutes [F.S.A.], for the purpose of having the right to issue said Bonds determined.
“NINTH: That due and proper notice addressed to the State of Florida, and the several property owners, taxpayers and citizens, including non-residents owning property or subject to taxation therein, and all others having or claiming any right, title or interest in property to be affected by the issuance by Plaintiff of said Bonds, hereinbefore described, was duly published by the Clerk of this Court in a newspaper published and of general circulation in Leon County, Florida, and in Hillsborough County, Florida, once each week for three consecutive weeks, the first publication in each of said newspapers being not less than twenty days prior to the date of said hearing, as required by law, all as will more fully appear from the affidavit, heretofore herein filed, of the publishers of The Tallahassee Democrat, Tallahassee, Florida, and The Tampa Tribune, Tampa, Florida.
“TENTH: That the agreement between said Authority and the Seaboard Coast Line Railroad Company relating to the elimination of grade crossings in the City of Tampa, and the construction by the Authority of railroad facilities to be leased to said Railroad at the cost and expense of said Railroad does not constitute a loan of its credit to a corporation other than a public corporation of the State of Florida or a political subdivision thereof, and the construction and acquisition of said 1968 Project, and all parts thereof, including said railroad facilities, is a proper public purpose, and will not be for the benefit of any private person, firm or corporation in violation of the provisions of Section 10 of Article IX of the Constitution of Florida.
“ELEVENTH: That no election of the qualified electors who are freeholders residing in said County of Hillsborough or the City of Tampa is required for the issuance of said Bonds, and said Expressway Revenue Bonds, Series of 1968, will not be or constitute ‘bonds’ within the meaning of Section 6 of Article IX of the Constitution of Florida.
“TWELFTH: That no taxpayer, citizen or other person, except as heretofore stated, has intervened or made application to become a party to said proceedings for the purpose of interposing objections to the granting of the prayer as set forth in said Complaint as provided by law.
“THIRTEENTH: That the answers of the State Attorneys of the Second and Thirteenth Judicial Circuits of Florida show no cause why the prayer of the Plaintiff should not be granted and disclose no irregularity or illegality in the proceedings set forth in said Complaint.
“FOURTEENTH: That this Court has found that all requirements of the Constitution and laws of the State of Florida pertaining to the enabling act and proceedings in the above-entitled matter have been strictly followed.
“FIFTEENTH: That the Trust Agreement, Lease-Purchase Agreement, and the Agreement between said Authority and the Seaboard Coast Line Railroad Company, all relating to the elimination of grade crossings in the City of Tampa and the construction by the Authority of railroad facilities, do not require the maintenance by the Authority or the State Road Department of the part of the project to be used by the said Railroad.
“NOW, THEREFORE, IT IS ORDERED AND ADJUDGED that the issuance of Expressway Revenue Bonds, Series of 1968, by the Tampa-Hillsborough County Expressway Authority in the aggregate principal amount of $46,000,000, dated September 1, 1968, in the denomination of $5,000 each, numbered 1 to 9,200, inclusive, *459 and bearing interest at such rate or rates, not exceeding the legal rate, as shall be hereafter determined, payable semi-annually on March 1 and September 1 of each year, and maturing $18,000,000 on September 1, 1992, and $28,000,000 on September 1, 2008, is for a proper, legal corporate purpose and is fully authorized by law and that said Bonds and each of them to be issued as aforesaid and all proceedings incident to the issuance thereof are hereby validated and confirmed. Said Bonds are to be issued for the purpose of financing the cost of the acquisition and construction of said 1968 Project by said Authority in the manner and under the terms and conditions contained in the resolution and Trust Agreement authorizing said Bonds adopted by said Authority on the 22nd day of October, 1968, as amended.”
Two points are raised by the appellant and we dispose of them in the order presented. The first question is as follows :
THE CONSTRUCTION OF THE RAILROAD FACILITIES AS A PART OF THE 1968 PROJECT CONSTITUTES THE LOAN OF CREDIT OF THE AUTHORITY FOR A PRIVATE CORPORATION AND IS NOT A PUBLIC PURPOSE AND VIOLATES SECTION 10 OF ARTICLE IX OF THE CONSTITUTION.
The cases urged in support of this point, viz: State v. Town of North Miamia, Fla.1952, 59 So.2d 779; State v. Clay County Development Authority, Fla.1962, 140 So.2d 576, and State v. Manatee County Port Authority, Fla.1966, 193 So.2d 162, were cases in which this Court rejected the validation of bonds because of our conclusion that each of the projects proposed was condemned by Article IX, Section 10 of the Florida Constitution which provides that the credit of the State shall not be pledged or loaned to any individual, company, corporation or association. Such is clearly not the situation in the case before us. As pointed out in the final decree, the purpose for which these bonds are to be issued is the construction by the Authority of an expressway serving the downtown congested area of the City of Tampa, an obvious public purpose for which this Court has on numerous occasions authorized the issue of similar obligations. See State v. Jacksonville Expressway Authority, Fla.1957, 93 So.2d 870, and the authorities therein cited. The agreement between the Authority and the railroad company in connection with the construction of this project and the acquisition of portions of the right of way of the railroad company is quite similar to that which was involved in Herr v. City of St. Petersburg, Fla.1959, 114 So.2d 171, which was approved by this Court. We find no merit in the first point posed by appellant.
The second point presented for our consideration is as follows:
THE CONSTRUCTION AND ACQUISITION OF THE RAILROAD FACILITIES BY THE AUTHORITY CONSTITUTES THE USE OF THE EIGHTY PER CENT (80%) GASOLINE TAX FUNDS FOR NON-HIGHWAY PURPOSES.
We find no merit to this contention nor is there any evidence in the record to support it. The trust agreement provides that the expressway system shall not include the portion thereof leased to the railroad and the lease purchase agreement between the Authority and the State Road Department contains a similar provision.
The final decree validating these bonds heretofore set forth is in all respects affirmed.
CALDWELL, C. J., and ROBERTS, THORNAL and ERVIN, JJ., concur.