JACK TRUDNAK v. E. G. GUSTAFSON, *et al.,* constituting the Board of Commissioners of Fort Pierce Port District.

183 So. 494.

Opinion Filed September 24, 1938.

*H. H. Wells, B. K. Roberts* and *G. R. Nottingham,* for Appellants;

*F. L. Hemmings,* for Appellee.

PER CURIAM.—On stipulation of counsel, and because of the public interest involved, we take this case up for disposition out of order.

The appeal brings for review final decree dismissing bill of complaint.

The pertinent allegations of the bill of complaint are:

"That on the 10th day of September, 1938, the Board of Commissioners of Fort Pierce Port District, at a special meeting regularly called, at which said meeting there was present E. G. Gustafson, J. M. Sample, J. L. Hoeflich and George W. Reid, Secretary, adopted a resolution providing for the purchase of a certain tract of land adjacent to Fort Pierce Harbor, from its owners, Fort Pierce Financing & Construction Company, at a price of $30,000.00 and to borrow from the United States of America the sum of $175,000.00 securing said loan of said $175,000.00 by revenue certificates to be issued, executed and delivered by Fort Pierce Port District to the United States of America, said certificates to be in the denomination of $1,000.00, maturing serially as follows: $5,000.00 on September 1 in each of the years from 1942 to 1961, both inclusive; $10,000.00 on September 1 in each of the years from 1962 to 1967, both inclusive; $15,000.00 on September 1, 1968; and bearing interest at 4% per annum, payable semi-annually on the first day of September and the first day of March of each and every year." * * *

"That by such resolution adopted, Fort Pierce Port District determined to use the aforesaid $175,000.00 to be received from the United States of America, together with a grant of the United States of America in the sum of $145,000.00 for the purpose of purchasing land, construc-

tion of pier or wharf, slip, warehouse and other improvements to the property proposed to be purchased as aforesaid from Fort Pierce Financing and Construction Company.

"6. Complainant alleges that the tract of land adjacent to Fort Pierce Harbor, which by resolution above mentioned the Board of Commissioners of Fort Pierce Port District has determined to buy from Fort Pierce Financing & Construction Company, at the price of $30,000.00, is to be so purchased by deed restraining the use of said property to be limited to other than the processing, precooling or cold storing of perishable goods or for receiving, storing, holding, refrigerating, precooling, loading, unloading, shipping, trans-shipping, transporting, preparing for transport or any other handling of fruit, vegetables or other perishable produce.

"7. Complainant says that the purchase of property adjacent to Fort Pierce Harbor by Fort Pierce Port District with the restrictions above mentioned would be contrary to public policy, detrimental to the best interests of Fort Pierce Port District and the taxpayers of Fort Pierce Port District, and would constitute illegal use of moneys belonging to the Fort Pierce Port District." * * *

"9. Complainant alleges that Fort Pierce Port District, in conformity with the aforesaid resolution, has determined to borrow the sum of $175,000.00 and to issue, execute and deliver written obligations of Fort Pierce Port District to secure said loan. That House Bill No. 1890, Laws of Florida, Acts of 1937, purporting to authorize said Fort Pierce Port District to borrow said sum and to issue, execute and deliver written obligations securing same, without authorization or ratification by any election held by the qualified voters of Fort Pierce Port District is in conflict with Amended Section 6, Article IX, of the Constitution

of the State of Florida, and the said Act is therefore unconstitutional."

Certain legislative Acts identified as House Bill No. 2044 and House Bill No. 1890, Acts of 1937, are set forth in full in the bill:

The prayer of the bill is:

"WHEREFORE, THE premises considered and forasmuch as the complainant is without remedy at law, and would suffer irreparable damage unless defendants be restrained from purchasing land heretofore mentioned and from borrowing the said sum of money heretofore mentioned the complainant respectfully prays: That this Honorable Court take jurisdiction of this cause and the parties hereto'; that this Court decree that House Bills No. 1890 and No. 2044, Laws of Florida, Acts of 1937, be declared in conflict with the Constitution of the State of Florida; and that this Court issue such decree or order as may be necessary restraining and enjoining E. G. Gustafson, J. M. Sample, J. L. Hoeflich, W. N. Crooks and Howard Stanton, constituting the Board of Commissioners of Fort Pierce Port District from purchasing the land described herein and from borrowing the sum of $175,000.00, or any part thereof, to be secured by revenue 'certificates solely and without authorization or ratification of qualified electors residing in the territory embraced in Fort Pierce Port District, from the United States of America or from any person, or corporation."

House Bill No. 2044 is Chapter 18537, Special Acts of 1937. House Bill No. 1890 is Chapter 18536, Special Acts of 1937.

The motion to dismiss is in the following language:

"Now comes the above named defendants and move to dismiss the bill of complaint in the above entitled cause on the following grounds, to-wit:

"Chapter 13643, Laws of 1929, empowers the Fort Pierce Port District to own, hold, control and acquire, by gift, purchase or lease, for the use of the District any lands, easements or other property needed for the purposes of the District, and to construct, improve and maintain such jetties, revetments, slips, wharves, docks, warehouses and other works in connection with such inlet, harbor and waterways as may be owned and controlled by the Fort Pierce Port District.

"Said statute grants ample authority to the Fort Pierce Port District to acquire property or easements on any terms. Chapter 18537 (House Bill 2044) provides that the Port District may acquire property with restriction not to be used for exceeding thirty years for processing, precooling or coldstoring perishable goods.

"The Fort Pierce Port District, of course, may acquire property by lease, purchase or otherwise on any terms it deems advisable. This particular Act grants the District full authority for this purpose.

"Chapter 18536 (House Bill 1890) grants to the Port District purposes, and authorized the District to borrow money from the United States, or any of its agencies, or any private source, but providing that any money borrowed for such purpose, both principal and interest, shall be paid only from net revenue produced from said project and not from *ad valorem* and millage tax.

"This Act strictly provides that no election shall be held and that no *ad valorem* or millage tax shall be levied on any property, so that no election is necessary."

The decree from which appeal is taken is as follows:

"This cause coming on this day to be heard upon bill of complaint and motion of defendant to dismiss, and the Court having heard argument of counsel and being fully advised in the premises, and it appearing to the Court that

House Bill No. 2044, Laws of Florida, Acts of 1937, set out in the bill of complaint, are not in conflict with the Constitution of the State of Florida, and it appearing that the motion to dismiss should be granted.

"IT IS HEREBY ADJUDGED, ORDERED AND DECREED that the bill of complaint filed herein be and the same hereby is dismissed.

"DONE AND ORDERED at Chambers in Orlando, Florida, this 15th day of September, 1938."

We find nothing in the provisions either of Chapter 18537 or of Chapter 18536 which conflicts with the provisions of the Constitution.

As shown by the record before us, there is no property involved here which has been purchased with money produced by taxation and neither is there any intent or purpose to produce or to procure any money by taxation or to create any debt which will place any burden on the taxing power or which will or may place any burden on the taxpayers.

We have here a case where the officers of a Municipal Corporation, that is, a corporation created exercising limited jurisdiction of a limited area for public purposes, are authorized to build, construct and maintain public docks and wharves. The same authority is authorized to receive and accept grants and gifts of money or property needed to carry out the purposes for which it was created and is authorized to borrow money from agencies of the Federal Government or from other sources for that purpose.

We gather from the allegations of the bill, which are none too clear, that an agency of the Federal Government has agreed to give or grant the Port Authority the sum of $145,000.00 and to loan the Port Authority an additional $175,000.00 with which to acquire real estate and construct thereon piers, docks and wharves to be used in carrying on

the commerce of the Port within the jurisdiction of the Port Authority, provided the Port Authority will pledge the revenues, less operating expense, of the facilities thus created over a period of years for the repayment of the $175,000.00, creating no obligation which can be made a burden on the taxpayers, and further providing that the facilities so acquired shall not be used for the conduct of certain named enterprises and businesses which would naturally be in competition with, and detrimental to, like enterprises and businesses conducted by individuals.

The statutes authorize the contemplated transactions and activities. There appears to be no investment of money produced by taxation and the creation of no obligation which may result in a burden on the taxpayers.

A valuable improvement appears to be contemplated for the benefit of the public in general and for those engaged in commerce in particular.

The decree is without error and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.