47 So.2d 601 (1950)
STATE et al.
v.
FLORIDA STATE IMPROVEMENT COMMISSION.
Supreme Court of Florida, Division A.
July 25, 1950.
William A. Hallowes, III, and Nathan Schevitz, Jacksonville, for appellants.
J. Turner Butler and A.H. Rothstein, Jacksonville, for appellee.
TERRELL, Justice.
This appeal is from a final decree of the Circuit Court of Duval County, validating bonds of the Florida State Improvement Commission, hereinafter referred to as the Improvement Commission, in the sum of $28,000,000.00 (Twenty-Eight Million Dollars), for the purpose of constructing the Jacksonville Express Highway system, hereinafter referred to as the highway system, which includes two bridges across the St. John's River with approaches thereto. It appears that the proceedings leading up to the issuance and validation of the bonds were in compliance with law.
The first question with which we are confronted is whether or not the State Road Department has authority to obligate itself by a lease purchase agreement to pay the cost of operation, maintenance and repair of the highway system over a long period of years, when such lease purchase agreement is to remain in effect until the bonds to finance the construction thereof are paid.
The Improvement Commission is a service agency created for various state purposes, the one pertinent to this cause being that of financing self-liquidating projects of the State Road Department. Chapter 420, F.S.A. It executes said projects by lease purchase agreements under which it takes title to the property, issues bonds in amounts sufficient to pay for them and then rents the property to the state agency on terms that the rental payments will be sufficient to service the bonds as they mature.
As to the project in question, it is shown that on December 2, 1949, pursuant to Chapter 23758, Acts of 1947, the Board of County Commissioners of Duval County adopted a resolution requesting the Improvement Commission to construct the highway system, and enter into a lease purchase agreement with the State Road Department whereby the lease rentals would be paid out of (1) the unpledged eighty per cent of the two cent gasoline tax fund accruing to the State Road Department for expenditure in the construction of roads and bridges in Duval County, (2) from tolls and charges for travel over the two *602 bridges to be constructed as part of the project and (3) the earnings accruing from the bonds proceeds, pending their use for construction of the highway system.
On May 24, 1950, the Improvement Commission adopted a resolution authorizing the issuance of the bonds heretofore described. Chapter 25002, Acts of 1949, designated the highway system as State Roads and authorized the use of the proceeds of the bonds for construction of the project. June 5, 1950, the Improvement Commission and the State Road Department executed the lease purchase agreement and the Board of County Commissioners approved the use of the three funds heretofore detailed for servicing the bonds.
In fine, the lease purchase agreement vests title to the highway system in the Improvement Commission, it provides that the Improvement Commission issue the bonds and turn the proceeds over to the State Road Department to construct the highway system as the agent of the Improvement Commission. The Improvement Commission leases the highway system to the State Road Department which agrees to build and maintain said highway system and operate the bridges as toll bridges, the rentals and other charges to be appropriated as heretofore specified.
Section 16 (subdivision c) Article IX of the Constitution, F.S.A., authorizes 80 per cent of the surplus gas tax to be remitted to the State Road Department for construction and reconstruction of county roads, under various sections of Chapter 420 F.S.A. At the request of the County Commissioners, the State Road Department is authorized to pledge future accruals from the 80 per cent of the two cent tax to the credit of the county. Other provisions of the Statutes enumerated herein, authorize each step taken in this transaction so we conclude that the chancellor gave the correct answer to question one. We find nothing in the proceedings that could be construed as pledging the taxing power to service the bonds. State v. State Board of Administration, 157 Fla. 360, 25 So.2d 880; State v. Florida State Improvement Commission, 160 Fla. 230, 34 So.2d 443.
The second question is whether or not the provision in the lease purchase agreement for appointment of a receiver for the project drawn in question is legal and valid.
Provision for appointment of a receiver under circumstances similar to that in this case have been approved and enforced. Hopkins v. Baldwin, 123 Fla. 649, 167 So. 677; State v. City of Tallahassee, 142 Fla. 476, 195 So. 402.
The appellants have failed to carry the burden of showing error in the contract and other proceedings complained of, so the judgment appealed from is affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.