71 So.2d 146 (1954)
STATE et al.
v.
FLORIDA STATE IMP. COMMISSION.
Supreme Court of Florida. Special Division B.
March 19, 1954.
Frank S. Cannova, Hollywood, for appellants.
J. Turner Butler, Jacksonville, and Ford L. Thompson, Tallahassee, for appellee.
HOBSON, Justice.
The final decree from which this appeal is taken validated certain revenue bonds proposed to be issued by the appellee Florida State Improvement Commission to finance the construction of a bridge system in Broward County. The procedure leading up to the validation suit was of a type now grown familiar under Chapter 23758, Acts of 1947 (presently Sections 420.12-420.17, inclusive, Florida Statutes F.S.A.) and Article IX, § 16 of the Florida Constitution, F.S.A. See State v. Florida State Improvement Commission, 159 Fla. 338, 31 So.2d 548, and subsequent cases of the same style reported at 160 Fla. 230, 34 So.2d 443; Id., Fla. 47 So.2d 601 and Id., Fla., 52 So.2d 277, which foreclose any successful challenge of Chapter 23758, supra, and proceedings in conformity therewith, on constitutional grounds.
In the present case the Board of County Commissioners of Broward County has, by resolution, authorized and requested the Improvement Commission to enter a lease-purchase agreement under which title to the bridge system in question is to be taken by the Commission, which will in turn lease the system to the State Road Department. The proceeds of the bonds to be issued are to be used in the construction of the system, and the 80% surplus gasoline tax funds accruing to the Road Department for expenditure in Broward County under the provisions of Article IX, § 16 of the Constitution F.S.A. are pledged as rentals to pay the principal and *147 interest on the bonds. The bonds are payable solely from these funds, and the proposed form of certificate carries on its face a declaration in the approved statutory language. See State v. Florida State Improvement Commission, supra, 34 So.2d 443, 451-2. The proposed arrangements have been entered by means of appropriate resolutions.
Although the declaration on the face of the bond, after incorporating the statutory language makes it additionally clear that "the principal of and interest on this bond will be payable solely from the rentals to be paid to the Commission by said State Road Department of Florida pursuant to said Lease Purchase Agreement * * *", the lease purchase agreement itself provides in part as follows:
"4.02. Operation, Maintenance and Repair of System. The Department, as a further consideration for the lease to it by the Commission of said System, also hereby irrevocably agrees that it will in each year as long as this Agreement is in effect pay, from sources other than said Broward County Gasoline tax funds, all the costs of current operation of said System and all maintenance and repairs, ordinary or extraordinary, including capital renewals and replacements, which are necessary to continuously operate and maintain said System in a safe and sound condition for motor vehicle traffic."
"5.02. Completion of System. The Department irrevocably convenants with the Commission and the holders of the said Bonds to be issued by the Commission that if for any reason the monies deposited in the System Construction Trust Fund shall be insufficient to complete and place in operation the bridges of said System described in (a), (b), (c), (d), (e) and (f) of Section 1.01 hereof, the Department will, from sources other than said Broward County gasoline tax funds, complete the construction of said bridges of said System described in (a), (b), (c), (d), (e) and (f) of Section 1.01 hereof, so that said bridges will be completed and placed in operation at the earliest possible date."
The basic question presented upon this appeal is whether the covenants by the State Road Department quoted above, or either of them, represent a general pledge of credit for debt service which would render the proposed issue of bonds invalid as violative of Article IX, § 6 of the Florida Constitution F.S.A. This question has been heretofore presented to this court and has been answered adversely to the contention of the appellants.
In State v. Florida State Improvement Commission, supra, 47 So.2d 601, and State v. Florida State Improvement Commission, supra, 160 Fla. 230, 34 So.2d 443, the financing plans there involved were very similar to those in the instant case and contained covenants on the part of the State Road Department almost identical to those quoted supra. In the case first above mentioned, we stated that there was nothing in the proceedings "that could be construed as pledging the taxing power to service the bonds", and the decrees of the lower court validating the bonds were affirmed in both cases. See also State v. Escambia County, 153 Fla. 282, 14 So.2d 576; and State v. Florida State Improvement Commission, Fla., 52 So.2d 277. It must be taken as settled in this jurisdiction, then, that there is no occasion for submitting a bond issue to the freeholders for their approval merely because the State Road Department has entered into the above quoted agreements respecting the project to be financed by such bond issue.
It is also contended that the several bridges and the revenue bonds to finance the cost thereof should have been authorized by separate resolutions. There is no merit to this contention.
Section 341.63, Florida Statutes 1953, same F.S.A., clearly contemplates the combination of any or all of the several different types of public improvements named *148 therein into one "project", and this court has many times approved the grouping of different public improvements into one project for financing purposes. Compare State v. Florida State Improvement Commission, Fla., 48 So.2d 156; State v. Florida State Improvement Commission, Fla., 47 So.2d 601; State v. City of Fort Meyers, Fla., 24 So.2d 50; State v. City of Daytona Beach, 160 Fla. 13, 33 So.2d 218.
The other questions presented by appellant have been considered and found to be without merit.
Accordingly, the decree appealed from should be and it is hereby
Affirmed.
THOMAS, Acting C.J., and DREW, J., and WISEHEART, Associate Justice, concur.