MATHEWS, Justice.
This is a proceeding seeking to validate Florida State Improvement Commission Manatee County Bridge Revenue Bonds in the sum of $6,000,000. It is unnecessary to set forth the details of all of the actions taken to authorize the issuance of such bonds.
The order of the lower Court validating the bonds, after reciting the actions and proceedings had, contained the following:
“Sixth: That said revenue bonds to be issued by petitioner will not constitute ‘bonds’ of the State of Florida, the County of Manatee, or any political subdivision of the State of Florida, within the meaning of Section 6 of Article IX of the Constitution of Florida.
“Seventh: That the issuance of said revenue bonds by petitioner was not required by any of the provisions of the Constitution or Statutes of Florida to be approved by the qualified electors who are freeholders, or by the qualified electors, of the State of Florida, the County of Manatee, or of any other political subdivision of the State of Florida.”
The lower Court further found that the State Road Department of Florida had legal power to agree with the Florida State Improvement Commission to pay from other sources than the tolls derived from said bridges and the Manatee County Gasoline Tax Funds for the cost of the maintenance, repair and completion of the construction of the said toll bridges, as well as the approaches, roadway connections and other facilities in connection thereto, as provided for in the Lease Purchase Agreement.
The order further contained the following:
“Sixteenth: That all of the provisions of the resolution authorizing said revenue bonds and of said Lease-Purchase Agreement are authorized by law and said Lease-Purchase Agreement constitutes a valid and legally enforceable agreement between peti *29 tioner and the State Road Department in accordance with the terms thereof.
* ' * * * * *
“Twenty-First: That this Court has found that all requirements of the Constitution and Laws of the State of Florida -pertaining to the enabling act and proceedings in the above entitled matter have been strictly followed:”
This appeal is prosecuted from the above mentioned order of the Circuit Court validating said bonds. The questions presented are: (1) whether the bonds in question violate Section 6, Article IX of the Constitution of the State, F.S.A., be-' cause they were not approved in the freeholders’ election, as provided for in said section of the Constitution; and (2) whether the Road Department has the authority to enter into the Lease Purchase Agreement in the manner provided for by Section 4.01 thereof to complete the construction of the project from revenue other than tolls derived from the bridges and the Manatee County Gas Tax Fund, or to pay the cost of maintenance and repair from sources other than tolls and the Gasoline Tax Fund.
The proceedings authorized and the steps taken are, for all practical purposes, the same as those taken in many other cases which have been approved by this Court. State v. Florida State Improvement Commission, Fla., 47 So.2d 601; City of Jacksonville v. Nichols Engineering & Research Corp., Fla., 49 So.2d 529; State v. Florida State Improvement Commission, Fla., 52 So.2d 277 (Lower Tampa Bay Bridge Revenue Bonds).
In the case of State v. Florida State Improvement Commission, Fla., 47 So.2d 601 (Jacksonville Express Highway System bonds), the order of the lower Court stated:
“That the issuance of said revenue bonds by petitioner was not required by any of the provisions of the Constitution or Statutes of Florida to be approved by the qualified electors who are freeholders, or by the qualified electors of the State of Florida, the County of Duval or of any other political subdivision of the State of Florida.
******
“That the State Road Department of Florida had legal power to agree with petitioner in said Lease-Purchase Agreement to pay the cost of the operation, maintenance and repair of said Arlington and Interstate Bridges and said Jacksonville Expressway System in the manner provided in said Lease-Purchase Agreement and that such agreement constitutes a valid and legally enforceable covenant of the State Road Department of Florida.
“That the State Road Department of Florida had legal power to agree with petitioner in said Lease-Purchase Agreement to complete the construction of said Arlington and Interstate Bridges and said Jacksonville Expressway System from funds other than tolls derived from said Arlington and Interstate Bridges and said 80% surplus gasoline tax funds accruing to the State Road Department of Florida, for use in Duval County under the Constitution of Florida, in the event that the proceeds of said revenue bonds are insufficient for such purposes and that said agreement constitutes a valid and legally enforceable covenant between said State Road Department of Florida and petitioner.
******
“That all of the provisions of the resolution authorizing said revenue bonds and of said Lease-Purchase Agreement are authorized by law and said Lease-Purchase Agreement constitutes a valid and legally enforceable agreement between petitioner and the State Road Department in accordance with the terms thereof.
**,****
“That this Court hereby finds that all requirements of the Constitution and Laws of the State of Florida pertaining to the proceedings in the above *30 entitled matter and to the issuance of said revenue bonds have been strictly followed.” (Emphasis supplied.)
In appealing from the order of the lower Court in the Jacksonville Express Highway System case, the assignments of error contained the following:
“3. That the agreement of the State Road Department in said lease-purchase agreement to complete the construction of said Arlington and Interstate Bridges from funds other than tolls derived from said bridges and said Duval County eighty percent surplus gasoline tax funds in the event the proceeds of said revenue bonds to be issued are insufficient for said purpose is not authorized by law and is illegal and void.
“4. That the provisions of Section 3.01 of Article 3, Section 4.04 of Article 4, Section 4.05 of Article 4 and Sections 5.02 and 5.03 of Article 5 of said lease-purchase agreement providing for the payment by the State Road Department of the cost of operation, maintenance and repair of said Arlington and Interstate Bridges and the completion of the construction of said Arlington and Interstate Bridges out of the funds other than tolls derived from said bridges and said Duval County eighty percent, surplus gasoline tax funds in the manner provided in 2 and 3 above are in violation of Section 6 of Article IX of the Constitution of Florida and are illegal and void.” (Emphasis supplied.)
In affirming the lower Court in that case, this Court said:
“* * * other provisions of the Statutes enumerated herein, authorize each step taken in this transaction so we conclude that the chancellor gave the correct answer to question one. We find nothing in the proceedings that could be construed as pledging the taxing power' to service the bonds. *
In the case at Bar it appears that the Statutes authorizing the proceedings are valid legislative enactments and have been strictly complied with. We find no error.
Affirmed.
ROBERTS, C. J., and SEBRUNTG and DREW, JJ., concur.