77 So.2d 765 (1955)
The STATE of Florida et al., Appellant,
v.
COUNTY OF FLAGLER, Florida, Appellee.
Supreme Court of Florida. Division A.
February 4, 1955.
Murray Sams, De Land, for appellant.
H.T. Cook, Bunnell, for appellee.
ROBERTS, Justice.
This is an appeal from a decree validating $1,450,000 General Obligation and Revenue Bonds of the County of Flagler, proposed to be issued by it under the circumstances outlined hereafter.
The County, pursuant to the legislative authority contained in Chapter 29076, Laws of Florida, Special Acts of 1953, proposes to issue the bonds to cover the cost of four-laning State Road No. 5 (now a two-lane highway also known as U.S. Highway No. 1) within the confines of the County. It has entered into a lease-purchase agreement with the State Road Department, under the terms of which the Department has agreed to lease the road from the County during the life of the bonds and, as rental, "to pledge for the payment of the principal of and interest on said bonds the uncommitted *766 eighty percent surplus gasoline tax funds accruing to the Department for use in Flagler County under the provisions of Section 16 of Article IX of the Constitution of Florida * * *" At the end of the bond period the County will, by appropriate conveyances, transfer title to the State. This agreement and method of financing is also expressly authorized by Chapter 29076, Special Acts of 1953, supra, and similar agreements have been heretofore upheld by this court as a valid pledging of state funds. Comp. State v. Florida State Improvement Commission, 1948, 160 Fla. 230, 34 So.2d 443, and cases there cited.
In addition to the pledge by the Department of the 80 percent surplus gasoline tax, the County has also pledged its full faith and credit to the payment of the principal of and interest on the bonds; and it is here contended by the State that the issuance of the bonds "will so increase the bonded indebtedness of the County as to render the same disproportionate to the assessed valuation of the taxable property within said County and such issuance will constitute a gross abuse of discretion by the Board of County Commissioners of said County and will impose an undue and unconscionable burden upon the owners of the taxable property within said County for the payment of the principal of and interest on said bonds." We find no merit in this contention under the circumstances here present.
The record shows that the bonds proposed to be issued will, with interest, aggregate $2,377,450, and will mature over a 30-year period. The total assessed valuation of taxable property in Flagler County is only $5,175,083. Thus, it will be seen that the proposed bond issue is somewhat over the 40 percent of total assessed valuation approved by this court in Getzen v. Sumter County, 1925, 89 Fla. 45, 103 So. 104, for roads which were strictly county roads to be financed solely from county taxes. If the bonds proposed to be issued here were payable solely from county taxes, the State's position would be much stronger, in view of the fact that the project proposed to be financed by such bond issue is for the improvement of a through or trunkline highway which is a part of the state's highway system  even though the project may also be deemed to serve a county purpose. Cf. Lewis v. Leon County, 1926, 91 Fla. 118, 107 So. 146. Such an involvement of the county's taxing power for a 30-year period might well be held to be "unreasonable with reference to the organic property rights of taxpayers, and to the just requirements of the public purpose contemplated." Getzen v. Sumter County, supra, 103 So. 104, 107.
But that is not the case here. The primary obligation for servicing the bonds and interest coupons is the 80 percent surplus gasoline tax allocated to Flagler County, and the amount estimated to be available from this fund during the 30-year period exceeds by almost one million dollars the bonded indebtedness payable therefrom. The State Board of Administration, which is charged by the Constitution, Section 16 of Article IX, F.S.A., with the administration of this fund on behalf of the counties, has approved the legal and fiscal sufficiency of the proposed bond issue. The obligation of the County's taxing power is secondary only and predicated upon a contingency which may never happen, that is, the failure of the 80 percent surplus gas tax fund to meet the debt service requirements of the bond issue. The bond proposal was approved by a majority of the freeholders of the County, and no citizen or taxpayer has come forward in these proceedings to object to the issuance of the bonds. In these circumstances, we can find no "gross abuse of discretion" on the part of the County Commissioners sufficient to invalidate the bonds.
Accordingly, the decree appealed from should be and it is hereby
Affirmed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.