THORNAL, Justice.
The appellant seeks review of an order of the Circuit Judge validating a proposed issue of revenue bonds.
The only point to be settled is the validity of the issuance of revenue bonds, the proceeds of which are to be used to acquire rights of way for state primary roads in Orange County.
The Board of County Commissioners of Orange County adopted a resolution requesting the Florida Development Commission to assist in financing improvements to existing state primary roads in Orange County. The plan calls for the issuance of $3,500,000 of so-called “Florida Development Commission, Orange County Road Revenue Bonds.” The proceeds of the bonds are to be used to redeem certain outstanding State Road Department-Orange County Fuel Tax Anticipation Certificates. The balance of the bond proceeds amounting to about $3,000,000 is to be used for improving state primary roads in the county primarily by the purchase of additional rights of way for the future improvement and expansion of the capacity of certain designated state primary roads. The principal and interest of the bonds are to be liquidated out of Orange County’s share of the Eighty Percent Surplus Gasoline Tax accruing to that county under Section 16, Article IX of the Constitution, F.S.A. The general plan of financing is similar to that which has been approved by this Court on several occasions. The Development Commission issues the bonds for *14 the county. In turn the State Road Department enters into a so-called lease-purchase agreement with the Development Commission. By this agreement the State Road Department as lessee agrees to make rental purchase payments periodically out of the Eighty Percent Surplus Gasoline Tax accruing to Orange County in an amount'sufficient to retire the entire principal of the bonds and interest accruing thereon. When this is ultimately accomplished, title to the improvement passes to the Road Department.
The Development' Commission has approved the entire arrangement by appropriate resolution. Similarly the Road Department approved the arrangement and agreed to the lease-purchase agreement. The State Board of Administration has approved the fiscal and legal sufficiency of the proposed' bond issue subject to ultimate validation by this Court. The Circuit Court in a validation proceeding brought for the purpose entered a decree validating the bonds. It is this decree which the appellant now seeks to have reviewed.
It is the contention of the appellant, through the State Attorney that the Eighty Percent Surplus Gasoline Tax accruing to Orange County under Section 16, Article IX of the Constitution can be used only for the construction of a completed road project. It is suggested that the funds in question cannot be employed merely for the acquisition of rights of way absent an accompanying commitment to the effect that . the road will actually be constructed.
The appellee contends for the proposition that the right of way is an essential component of the road itself and that the Eighty Percent Surplus Gasoline Tax can be properly used for the acquisition of rights of way preliminary to the ultimate construction of the highway at such time as funds are available for that purpose.
The Florida Development Commission, created by Chapter 29788, Laws of Florida 195S (Chapter 288, Florida Statutes, F.S.A.), is the statutory successor to the Florida State Improvement Commission and other agencies named in the creating act. We have heretofore sustained the constitutionality of Chapter 29788, Laws of Florida 1955. State v. Florida Development Commission, Fla.1956, 84 So.2d 707; State v. Florida Development Commission, Fla.1956, 86 So.2d 155. Inasmuch as the Florida Development Commission is the statutory successor to the Florida State Improvement Commission, our decisions relating to the powers and functions of the Improvement Commission are therefore applicable to the powers and functions of the Development Commission.
We have held that the State Road Department has unlimited discretion in the use of the Eighty Percent Surplus Gasoline Tax Funds accruing to the several counties of the state under Section 16, Article IX of the1 Constitution so long as the funds are used for the improvement of state highways, within the limits of the particular county entitled to the surplus. State v. State Board of Administration, 157 Fla. 360, 25 So.2d 880; City of Hollywood v. Broward County, Fla.1951, 54 So.2d 205. To this extent we have also held that this Court will not undertake to substitute its judgment for that of the State Road Board on the matter of the wisdom or factual justification for the construction of a particular highway-improvement. Pirman v. Florida State Improvement Commission, Fla.1955, 78 So.2d 718.
The plan of financing tendered by the record in the case before us has been approved on several occasions involving the actual construction of highway improvements. State v. County of Flagler, Fla.1955, 77 So.2d 765; State v. Florida State Improvement Commission, Fla.1950, 47 So.2d 601; State v. Florida State Improvement Commission, 1948, 160 Fla. 230, 34 So.2d 443.
It remains only to dispose of the contention that the instant case is distinguishable from our prior decisions merely because the proceeds of the bond sale are to- *15 be used for the acquisition of rights of way for designated state highways in Orange County rather than to finance the actual completed construction of the road.
We find no justification for the contended distinction. Under paragraph (c), Section 16, Article IX of the Constitution, the State Road Department is authorized to use the Eighty Percent Gasoline Tax Surplus “for the construction or reconstruction of State Roads and bridges within the county.” The acquisition of adequate rights of way is an essential component of highway construction. Indeed, the Florida Highway Code of 1955 (Chapter 29965, Laws of Florida 1955) defines the term “road” as including "“the roadbed” and “right-of-way.” By the same act the term “right-of-way” is defined as the land “required for the use as a public road.”
Chapter 29965, Laws of Florida 1955 (Chapters 331 — 339, Florida Statutes, F.S. A.) was a legislative revision of the laws governing the planning and construction of the highways of the state. By this act the Legislature recognized the vital essentiality of an improved state highway system accommodated to meet the needs of one of the fastest growing states in the country. Implicit in the act is the necessity for long range planning of our primary as well as our secondary road system. Any one even remotely familiar with the problems attendant upon highway construction and improvements well knows that the first important step in providing highways of sufficient capacity to meet constantly increasing traffic demands is the necessity of acquiring adequate right of way.
As indicated in the resolution authorizing the proposed bonds Orange County with the cooperation of the state agencies involved is here undertaking to plan for the improvement of the state highway system within the county by the acquisition of adequate rights of way at a time when land values will not be influenced by the immediate announcement of actual highway construction. This approach makes sense. This is particularly significant in view of the statutory restriction against showing benefits from a proposed improvement as against the value of property taken by eminent domain. Section 73.10, Florida Statutes, F.S.A.; De Soto County v. Highsmith, Fla.1952, 60 So.2d 915. It would appear to be an efficient exercise of governmental power and business judgment in providing an essential public service in an area of the state which in a measure is outgrowing the capacity of the government to provide these important needs out of current resources. See Carlor Co., Inc., v. City of Miami, Fla.1953, 62 So.2d 897, certiorari denied 346 U.S. 821, 74 S.Ct. 37, 98 L.Ed. 347.
The Highway Code itself (Section 337.28, Florida Statutes, F.S.A.) specifically authorizes the several counties to furnish rights of way for any road in the state primary system. The only condition to the expenditure is that the road be surveyed and located in the county by the State Road Department. It is a self-evident fact that a right of way for a primary road cannot be acquired until the preliminary survey determining the width of the right of way has been made by the proper authority. We certainly are not to assume that the responsible officials of the county and the members of the State Road Department will waste or dissipate public funds on nonessential or unuseable road rights of way. On the other hand, the state primary roads named in the resolution as those to be improved by the acquisition of additional rights of way are shown by the Report of the Select Committee on Roads of the Legislative Council of the Florida Legislature 1954, p. 160, to be roads in the state primary system which are badly in need of improvement as measured by sufficiency rating standards established by the State Road Department. While admitting our lack of power to review the exercise of discretion by these Boards on the problem at hand, the foregoing observation is made merely to demonstrate that in this instance the Road Department as well as the county appears *16 to be exercising its discretion wisely in the expenditure of public funds.
We therefore hold that there is no constitutional or statutory inhibition against the use of the proceeds of the bonds proposed to be issued for the purposes announced by the bond resolution reflected by the record. On the contrary, the contemplated use of the bond proceeds is found to be well within the prescriptions of our Constitution and applicable statutes. The Eighty Percent Surplus accruing to Orange County under Section 16, Article IX of the Constitution may be pledged in the fashion proposed in order to meet the principal and interest requirements of the bond issue.
The decree of the Circuit Court is
Affirmed.
TERRELL, C. J., ROBERTS, J., and WELCH, Associate Justice, concur.