TERRELL, Justice.
The City of Fort Pierce filed its complaint to validate an issue of revenue certificates, the proceeds of which were to be used for constructing and operating a gas distribution system to serve the residents of Fort Pierce and its environs. Interest and sinking fund on said revenue certificates were to be paid from the net revenues of the proposed gas distribution system. Appellant, a taxpayer of the city, answered the petition, contending that the proposed revenue certificates were bonds within the contemplation of Section 6, Article IX of the Constitution, F.S.A. and required an approving vote of the freeholders. Evidence was taken on the issues so made, argument of counsel was heard, after which the chancellor entered a final decree validating the revenue certificates. We are confronted with an appeal from the validating decree.
Appellant contends that in addition to pledge of the net revenues of the gas distribution system to support the revenue certificates, the physical properties essential to the operation of the gas distribution system were also pledged for their support, that the net revenues from the gas distribution system would be insufficient to pay interest and sinking funds on the revenue certificates and that the estimate of prospective - earnings of the gas distribution system was based on fiction and not fact, for which is contended that there would be a moral and contingent obligation on the City of Port Pierce to pay said revenue certificates from general tax funds.
Four questions are urged in support of appellant’s contention but they all stem from the allegations relative to support of the revenue certificates by a vote of the freeholders and those with reference to pledge of other facilities to support them. We have considered each of them and found them to be without merit. The dependable evidence shows that the net revenues from the gas system will be ample to pay interest and sinking fund on the revenue certificates as they mature, that there is no dependable support for the contention that the prospective net earnings of the gas distribution system are based on fiction rather than fact and that the record shows a complete negation of the contention that the physical properties of the gas distribution ’ system are pledged to or will be required to support the revenue certificates.
Section 14, Ordinance of the City of Fort Pierce, authorizing issuance of the revenue certificates, provides:
*420 Neither the bonds nor coupons shall be or constitute an indebtedness of the City within the meaning of any constitutional, statutory or charter limitation of indebtedness, but shall be payable solely from and secured by a prior lien upon and a pledge of the net revenues derived from the operation of the gas distribution system of said City as herein provided. No holder or holders of any bond issued hereunder, or of the coupons appertaining thereto, shall ever have the right to compel the exercise of the ad valorem taxing power of the City, or taxation in any form of any real property therein to pay said bonds or the interest thereon.”
A provision similar to that of Section 14 of the ordinance is carried in the bonds. In Gate City Garage, Inc. v. City of Jacksonville, Fla.1953, 66 So.2d 653, 662, considering a similar charter and question, this court pointed out, among other things, that the bonds were payable solely from the revenues of the parking system, as follows:
“It is, therefore, apparent that the bondholders and everyone else is put upon clear and unmistakable notice that the bonds will be payable solely from the revenues of the parking system, that no lien is created upon any physical property of the City, that the taxing power, as a method or means of paying any part of the principal or interest of the bonds, is specifically excluded, and that the proposed bonds are not bonds within the contemplation of Section 6 of Article 9 of the State Constitution of the State of Florida. State v. City of Miami, Fla., 63 So.2d 333; State v. City of St. Petersburg, Fla., 61 So.2d 416.”
See also State v. Florida State Improvement Commission, Fla.1950, 47 So.2d 601; Wolfe v. City of Fort Lauderdale, Fla.1950, 47 So.2d 781; Patterson, Legal Aspects of Florida Municipal Bond Financing, Vol. 6, Fla.Law Rev., 1953, p. 287; Board of County Commissioners of Pinellas County v. Herrick, 1936, 123 Fla. 619, 167 So. 386; State v. City of Hollywood, 1938, 131 Fla. 584, 179 So. 721; Trudnak v. Gustafson, 1938, 133 Fla. 834, 183 So. 494; State v. Dade County, 1941, 146 Fla. 331, 200 So. 848; State v. City of Key West, 1943, 153 Fla. 226, 14 So.2d 707.
These .cases dealt with provisions of ordinances and other factors similar to those involved in the case at bar and we think settle every question raised here, so the judgment appealed from must be and is hereby affirmed.
Affirmed.
THOMAS, C. J, and HOBSON, ROBERTS, DREW, THORNAL and O’CON-NELL, JJ.,- concur.