TERRELL, Justice.
This appeal is from a final decree of the Circuit Court validating an issue of Manatee County Road Revenue Certificates of Indebtedness, hereinafter referred to as “certificates.” The petition alleges that said certificates were issued by the Board of County Commissioners pursuant to Chapter 59-225, Acts of 1959, and other ap *679 plicable provisions of law for the purpose of financing the cost of a right-of-way for a road project in Manatee County and that principal and interest thereon are payable solely from and secured by the twenty percent surplus- gasoline tax funds accruing to the county under Section 16, Article IX of the Constitution of Florida, F.S.A. An answer was filed, testimony was taken and at final hearing January 14, 1960, the chancellor entered a decree validating the certificates. This appeal is from the decree so entered.
Question One A is whether or not pledge of the twenty percent surplus gasoline tax funds accruing to Manatee County for payments of said certificates constitutes a proper use of such funds within the meaning and intent of Section 16, Article IX of the Constitution of Florida.
Section 16(c), Article IX, Constitution, is pertinent to answer this question and is as follows:
“The said Board shall annually use said funds in each county account, first, to pay current principal and interest maturing, if any, of said bonds and gasoline or other fuel tax anticipation certificates of such county or special road and bridge district, or other special taxing district thereof; second, to establish a sinking fund account to meet future requirements of said bonds and gasoline or other fuel tax anticipation certificates where it appears the anticipated income for any year or years will not equal scheduled payments thereon; and third, any remaining balance out of the proceeds of said two (2‡) cents of said taxes shall monthly during the year be remitted by said board as follows: Eighty (80%) per cent to the State Road Department for the construction or reconstruction of State Roads and bridges within the county, or for the lease or purchase of bridges connecting State highways within the county, and twenty (20%) per cent to the Board of County Commissioners of such county for use on roads and bridges therein.”
It is not amiss to point out that the main purpose of Chapter 59-225, Acts of 1959, was to direct the distribution of funds accruing to the counties for road and bridge purposes as provided by the Constitution and to make certificates derived therefrom eligible as investment for public funds or acceptable as collateral to secure state and county fund deposits. In State v. Florida State Improvement Commission, 1948, 160 Fla. 230, 34 So.2d 443, 447, the Commission sought to issue bonds to pay for road construction in Highlands County. The State Road Department undertook to purchase the road for a sum sufficient to service the bonds, said sum to be paid from the eighty percent surplus gas tax accruing to Highlands County under Section 16, Article IX, Constitution of Florida. Under a lease-purchase agreement entered into between the parties, the State Road Department agreed to pay rentals from the Highlands County surplus gasoline tax fund to State Board of Administration. The latter agreed to hold all such funds in trust solely for payment of principal and interest on the bonds. The issue presented was very similar to that presented here, in reference to which the court said:
“The ultimate question upon the appeal is whether or not Chapter 23758, Laws of Florida 1947, which authorizes the State Road Department to lease-purchase the road involved with surplus gas taxes accruing in the future for road and bridge construction in Highlands County, and which impowers the State Improvement Commission to pledge the ‘rentals’ received to pay bonds to be issued to-finance construction, is violative of sections 6 and 16 of Article IX of the Constitution.”
In State v. State Board of Administration, 1946, 157 Fla. 360, 25 So.2d 880, the *680 court treated substantially the same question that we have here and reached the same conclusion reached by the chancellor in the case at bar. The lease-purchase scheme of financing with eighty percent surplus gasoline tax funds was approved in State v. Florida State Improvement Commission, 1947, 159 Fla. 338, 31 So.2d 548; State v. County of Flagler, Fla.1955, 77 So.2d 765, and State v. Florida Development Commission, Fla.1957, 95 So.2d 13. See also State v. State Board of Administration, 1946, 157 Fla. 360, 25 So.2d 880, wherein this court discussed the power vested in the State Road Department and the Boards of County Commissioners by Section 16, Article IX of the Constitution.
We think the cases cited in the two preceding paragraphs support the proposition that surplus funds accruing under Section 16(c), Article IX of the Constitution may be anticipated and pledged for debt service for rights-of-way, road construction or road purchase in the manner proposed in this case.
Question One B challenges the constitutional validity of Chapter 59-225, Acts of 1959, in so far as it pledges the twenty percent surplus gasoline tax funds accruing to Manatee County under Section 16, Article IX of the Constitution, for payment of principal and interest on the certificates of indebtedness brought in question.
Casual inspection of Chapter 59-225 discloses that it was designed to implement the language of Section 16(c), Article IX of the Constitution by pointing out the uses to which the twenty percent surplus gasoline tax may be appropriated by the Board of County Commissioners of the several counties. Under Section 1, of said act, certificates of indebtedness may be issued to finance the construction of roads or to purchase rights-of-way within the county. Section 2, Chapter 59-225, authorizing certificates of indebtedness payable from eighty percent surplus gasoline tax funds is a recognition by the legislature of the decisions of the Supreme Court which approve the pledge of said eighty percent funds to rental payments pledged to secure obligations heretofore issued by the Florida Development Commission and its predecessor, Florida State Improvement Commission.
In State v. Florida State Improvement Commission, 1948, 160 Fla. 230, 34 So.2d 443, 450, we held:
“The funds accruing from the eighty per centum surplus gas tax proceeds being fixed, definite and certain as to availability and, therefore, being, in a sense, in esse; and the same not being State tax funds within the contemplation of Section 6, Article IX, of the Constitution; and section 16, Article IX, containing no express or implied provisions as to the plan or method by which they shall be expended; we think it entirely competent for the legislature to prescribe, by statute, the plan or method by which they may be utilized by the State Road Department for the benefit of the counties in procuring either present or future additions or extensions to the State Highway system.”
When State v. Florida State Improvement Commission, supra, is read in connection with what we said in discussion of Question One A, that the anticipation and pledge of the twenty percent surplus gasoline funds properly implements Section 16(c), of Article IX of the Constitution, we are driven to the conclusion that Chapter 59-225, Acts of 1959, is valid.
The concluding question presented is whether or not the certificates of indebtedness of Manatee County involved in this litigation are “bonds” within the meaning of Section 6, Article IX of the Constitution.
We think this question was concluded contrary to the contention of appellant in State v. Florida State Improvement Commission, 1948, 160 Fla. 230, 34 So.2d 443. State v. State Board of Administration, *681 1946, 157 Fla. 360, 25 So.2d 880; State v. Florida State Improvement Commission, 1947, 159 Fla. 338, 31 So.2d 548; State v. Florida State Improvement Commission, Fla.1954, 71 So.2d 146, and many others.
It is perfectly clear that the certificates of indebtedness in question are payable solely from the twenty percent surplus gasoline tax funds, that no ad valorem taxes are pledged to pay them and that they are not bonds within the meaning of Section 6, Article IX of the Constitution.
The validating decree of the chancellor is accordingly affirmed.
Affirmed.
THOMAS, C. J., and HOBSON, ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.