602 So.2d 1300 (1992)
WASHINGTON SHORES HOMEOWNERS' ASSOCIATION, et al., Appellants,
v.
CITY OF ORLANDO, Appellee.
No. 79621.
Supreme Court of Florida.
July 23, 1992.
*1301 Gabe Kaimowitz, Winter Park, for appellants.
Robert L. Hamilton, City Atty. and Steven J. Zucker, Asst. City Atty., Orlando, and Michael L. Rosen and Randall C. Clement of Holland & Knight, Tallahassee, for appellee.
McDONALD, Justice.
The Washington Shores Homeowners' Association and several Orlando property owners appeal the circuit court's validation of a proposed bond issue. We have jurisdiction pursuant to article V, section 3(b)(2), Florida Constitution, and affirm the circuit court.
At a duly noticed and publicly held meeting on December 9, 1991, the Orlando City Council adopted, on second and final reading, an ordinance authorizing the issuance of up to $150,000,000 of capital improvement special revenue bonds. The breakdown of the bond issue includes $30,000,000 to $35,000,000 for "Roadway Project." On December 17, 1991 the city filed a complaint seeking validation of the bond issue, and the circuit court issued an order to show cause that was published three times[1] in an Orlando newspaper. The state answered the complaint, and the homeowners joined in opposing validation of the bonds. The court held a public hearing on January 27 and 28, 1992 and only on that second day did the city specifically identify the proposed "roadway project" as the extension of the John Young Parkway. Early in March 1992 the court entered a final judgment validating the proposed bond issue, and the homeowners appealed.
On appeal the homeowners argue that the city failed to follow the proper procedures for validating bonds and that the notice given by the city was insufficient. We disagree.
Judicial inquiry into the validity of a bond issue is limited to "1) determin[ing] if a public body has the authority to issue the subject bonds; 2) determin[ing] if the purpose of the obligation is legal; and 3) ensur[ing] that the authorization of the obligations complies with the requirements of law." Taylor v. Lee County, 498 So.2d 424, 425 (Fla. 1986); State v. Manatee County Port Authority, 171 So.2d 169 (Fla. 1965). The circuit court's finding these requirements to have been met is supported by the record.[2] Therefore, we *1302 affirm the final judgment authorizing the instant bond issue.
The homeowners' allegations of insufficient notice have no merit. They have been on notice for years, as evidenced by their filing suit in federal court, that their property may be taken for this road expansion.[3] Any complaint of the homeowners as to the advisability of the proposed road extension is collateral to, and therefore beyond the scope of, these bond validation proceedings. Manatee County.[4] Additionally, as this Court has previously held:
There is no requirement in the statutes or the Constitution that the location of ... roads should be fixed and established prior to the validation or issuance of bonds. So far as the Constitution and the statutes are concerned, the resolution may provide for county roads generally and after the validation and issuance of the bonds, the county commissioners may then determine the location of the roads to be constructed.
Pirman v. Florida State Improvement Commission, 78 So.2d 718, 721 (Fla.), cert. denied, 349 U.S. 956, 75 S.Ct. 885, 99 L.Ed. 1279 (1955). Pirman spoke in terms of a "county," but municipalities have the same powers regarding bonds as do counties.[5] The notice given by the city complied with the requirements of law.
Therefore, we affirm the circuit court's validation of the instant bond issue.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] December 22 and 29, 1991 and January 5, 1992.
[2] Municipalities may issue bonds that further a public purpose, just as the state and its other subdivisions can. §§ 166.021(1), (2), 166.101(8), 166.111, Fla. Stat. (1991). Constructing roads is a valid public purpose for which bonds may be issued. § 130.01, Fla. Stat. (1991).
[3] Contrary to the homeowners' contention, the "case most applicable here" is not Baycol, Inc. v. Downtown Development Auth., 315 So.2d 451 (Fla. 1975). In Baycol, this Court held that a landowner was not estopped to challenge the public purpose and necessity for condemnation of its property where prior bond validation proceedings did not provide adequate notice that the bond proceeds would fund the taking of the landowner's property. Baycol is factually distinguishable and not controlling. State v. City of Orlando, 576 So.2d 1315, 1317 (Fla. 1991), held "that borrowing money for the primary purpose of reinvestment is not a valid municipal purpose" and, thus, is distinguishable from the instant case.
[4] This Court has also held that it will not "substitute its judgment for that of the constituted authorities vested with the power to designate the location of a road." Pirman v. Florida State Improvement Comm., 78 So.2d 718, 719 (Fla.), cert. denied, 349 U.S. 956, 75 S.Ct. 885, 99 L.Ed. 1279 (1955).
[5] See n. 2, supra.